[Cite as *Father & Son Property Maintenance, L.L.C. v. Maxim Ents., Inc.*, 2011-Ohio-689.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FATHER & SON PROPERTY MAINTENANCE, LLC | JUDGES: Hon. W. Scott Gwin, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2010 CA 00116 |
| MAXIM ENTERPRISES, INC. | O P I N I O N |
| Defendant-Appellant | |

CHARACTER OF PROCEEDING:            Civil Appeal from the Canton Municipal
                                    Court, Case No.  2009 CVF 5350

JUDGMENT:                           Affirmed

DATE OF JUDGMENT ENTRY:             February 14, 2011

APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

STEPHEN J. KANDEL                            DARREN W. DEHAVEN
101 Central Plaza South, Suite 1003          12370 Cleveland Avenue, NW
Canton, Ohio  44702                          Uniontown, Ohio  44685

*Wise, J.*

{¶1}    Defendant-Appellant Maxim Enterprises, Inc. appeals the April 13, 2010, decision of the Canton Municipal Court finding in favor of Plaintiff-Appellee Father & Son Property Maintenance, LLC, and granting judgment in the amount of $11,545.70.

## STATEMENT OF THE CASE AND FACTS

{¶2}    The relevant facts are as follows:

{¶3}    Appellant Maxim Enterprises, Inc. ("Maxim") is a property preservation company which, on behalf of banks and lenders, performs property preservation services on foreclosed (and other) properties through several subcontractors.

{¶4}    Appellee Father & Son Property Maintenance, LLC is one of those subcontractors who performed property preservation services, such as lawn mowing, as a subcontractor for Appellant Maxim in 2008.

{¶5}    The contract terms between Maxim and Father & Son were never memorialized in writing. Part of the agreement between the two parties was that Father & Son had to take "before and after" pictures of the property. Also, Father & Son had to complete the work on time, or they would not receive payment. Lastly, Maxim told Father & Son that they would not receive payment until after Maxim received payment from the bank.

{¶6}    Although these conditions were presented to Father & Son as mandatory before payment would be made, Maxim failed to comply with these conditions precedent. From the beginning of the business relationship, Maxim supplied Father & Son with work orders that were already past due. Maxim assured Father & Son that they would be paid even though they were getting the orders late.  Father & Son did the

work, and Maxim paid without waiting for the payment from bank. Terri Shisler, officer manager for Father & Son, testified that Maxim would send her work orders, Father & Son would perform the work, and then Maxim would pay.

{¶7} This relationship continued with Maxim paying approximately $63,602.90 to Father & Son for work performed. However, Maxim failed to pay Father and Son for several invoices, totaling $14,045.70.

{¶8} On July 23, 2010, Appellee Father & Son filed a Complaint in the Canton Municipal Court alleging breach of contract, action on account, and unjust enrichment against Appellant Maxim Enterprises, Inc.

{¶9} On October 10, 2010, Maxim filed its Answer.

{¶10} On March 23, 2010, a bench trial was held before Judge Belden.

{¶11} On April 13, 2010, the Canton Municipal Court issued a Judgment Entry finding for Plaintiff in the amount of $11,545.70. The trial court found that the uncontested evidence showed that "Maxim paid Father & Son for at least some of the work, work that had been piling up while Maxim located a subcontractor, without first being reimbursed itself by the banks." (April 13, 2010 Judgment Entry at 2). The trial court found that such conduct on the part of Maxim "operated as a waiver of its rights under the condition precedent" and that Father & Son was therefore, "entitled to be paid for the work done that it can prove." Id. at 3.

{¶12} Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶13} "I. THE TRIAL COURT ERRED IN ITS APPLICATION OF THE DOCTRINE OF WAIVER BY FINDING ANY WAIVER OF A CONDITION PRECEDENT WAS PERMANENT.

{¶14} "II. THE TRIAL COURT ERRED IN CALCULATING THE AMOUNT OF DAMAGES."

### I.

{¶15} In its first assignment of error, Appellant asserts that the trial court erred in its application of the doctrine of waiver. We disagree.

{¶16} The construction and interpretation of a contract is a matter of law. See *Latina v. Woodpath Development Co.* (1991), 57 Ohio St.3d 212, 214, citing *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241.

{¶17} When interpreting a contract, this Court's role "is to give effect to the intent of the parties to the agreement." *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 11, citing *Hamilton Ins. Serv. Inc. v. Nationwide Ins. Cos.* (1999), 86 Ohio St.3d 270; citing *Employers' Liab. Assur. Corp. v. Roehm* (1919), 99 Ohio St. 343, syllabus; Section 28, Article II, Ohio Constitution.

{¶18} In the case sub judice, the parties never reduced their verbal agreement to writing.  However, the contract terms do not seem to be in dispute.  The parties both agree that the original terms of the contract were that Appellee would not be paid for work performed after the due date and further Appellee would not receive payment for work performed until after Appellant received payment from the bank.

**{¶19}** Appellee herein claims that although these were in fact the original terms of the verbal contract, Appellant waived these conditions precedent from the very beginning by giving Appellee work orders that were already past due and providing assurances to Appellee that it would be paid for work orders issued past the due date. Similarly, Appellant also paid Appellee on a number of occasions before it was paid by the bank.

**{¶20}** A condition precedent is an act or event that must occur before the agreement of the parties become operative. *Johnston v. Cochran,* Franklin App. No. 06AP-1065, 2007-Ohio-4408, ¶ 12. If a condition precedent is not fulfilled, the parties are excused from performing under the contract. *Id.* "Essentially, a condition precedent requires that an act must take place before a duty to perform a promise arises. If the condition is not fulfilled, the parties are excused from performing." *Atelier Dist., LLC v. Parking Co. of Am., Inc.,* 10th Dist. No. 07AP-87, 2007-Ohio-7138, ¶ 35

**{¶21}** A condition precedent may be waived by the party for whose benefit it existed. *Cornett v. Fryman* (Jan. 27, 1992), Warren App. No. CA91-04-031, at 5. A waiver is an intentional relinquishment of a known right which may be made by express words or by conduct. *Id.; White Co. v. Canton Transp. Co.* (1936), 131 Ohio St. 190, 2 N.E.2d 501. To establish a waiver, the party alleging it "must prove a clear, unequivocal, decisive act of the party against whom the waiver is asserted, showing such a purpose or acts amounting to an estoppel on his part." *Cornett* at 5.

**{¶22}** "In Ohio, the general rule is that performance of a condition precedent may be waived by the party to whom the benefit of the condition runs; the waiver may arise expressly or by implication, and the key to its application in a particular case is a

showing of some performance pursuant to the terms of the contract." *Mangan v. Prima Constr., Inc.* (Apr. 9, 1987), 1st Dist. No. C-860234, citing *Ohio Farmer's Ins. Co. v. Cochran* (1922), 104 Ohio St. 427.

**{¶23}** In the instant case, the record reflects that for at least the first month of their agreement, Maxim paid Father & Son for work performed on late work orders, without having first received payment from the bank. We find that Maxim performed its part under the contract, i.e. paying for the mowing services, despite Father & Son's failure to comply with the conditions precedent. We therefore find that Maxim is now estopped from asserting such conditions precedent.

**{¶24}** Based on the foregoing, we do not find that the trial court erred in finding that Appellant Maxim waived the conditions precedent.

**{¶25}** Appellant's first assignment of error is overruled.

**II.**

**{¶26}** In its second assignment of error, Appellant argues that the trial court erred in calculating damages. We disagree.

**{¶27}** A reviewing court will not reverse a trial court's decision regarding its determination of damages absent an abuse of discretion. *Kaufman v. Byers,* 159 Ohio App.3d 238, 823 N.E.2d 520, 2004-Ohio-6346, at ¶ 37. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶28}** Upon review of the record and the evidence presented, we find the trial court did not abuse its discretion in the determination of damages. The trial court heard

evidence from Appellee's witness, Terri Shisler, who provided documentation in support of the $11,545.70 Appellee claimed was owed for work performed.

**{¶29}** Thus, there exists competent and credible evidence in the record to support the judgment of the trial court on the amount of damages awarded. While Appellant claims that the trial court "ignored overwhelming evidence that [Father & Son] substantially failed to meet its various requirements for payment, both before and after the condition precedent took effect," (Appellant's brief at 6) , the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *Seasons Coal Co. v. Cleveland* (1984), 10 Oho St.3d 77*; State v. DeHass* (1967), 10 Ohio St.2d 230.

**{¶30}**  Appellant's second assignment of error is overruled.

**{¶31}** For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0201

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


FATHER & SON PROPERTY          :
MAINTENANCE, LLC               :
                               :
   Plaintiff-Appellee          :
                               :
-vs-                           :          JUDGMENT ENTRY
                               :
MAXIM ENTERPRISES, INC.        :
                               :
   Defendant-Appellant         :          Case No. 2010 CA 00116


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

Costs assessed to Appellant.


                        _____


                        _____


                        _____

                                 JUDGES