[Cite as *U.S. Bank Natl. Assn. v. Green Meadow SWS L.L.C.*, 2014-Ohio-738.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| U.S. BANK NATIONAL | : | Hon. W. Scott Gwin, P.J. |
| ASSOCIATION | : | Hon. Sheila G. Farmer, J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : | Case No. 13 CAE 08 0063 |
|  | : |  |
| GREEN MEADOW SWS LLC, ET AL | : |  |
|  | : | O P I N I O N |
| Defendants-Appellants | : |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Delaware County
Court of Common Pleas, Case No.
10CVH071096

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     February 28, 2014

APPEARANCES:

For Plaintiff-Appellee             For Defendants-Appellants

CHARLES DYAS, JR.             RICK ASHTON
41 South High Street, Ste.3300     THOMAS ALLEN
Columbus, OH 43215             17 South High Street, Ste. 1220
                                 Columbus, OH 43215

*Gwin, P.J.*

{¶1} Appellants appeal the July 9, 2013 judgment entry of the Delaware County Common Pleas Court granting summary judgment to appellee.

*Facts & Procedural History*

{¶2} On May 23, 2006, appellant Green Meadow SWS, LLC ("Green Meadow") executed and delivered to Barclays Capital Real Estate, Inc. a promissory note in the amount of $7,420,000.00. To secure payment and performance of Green Meadow's obligations under the promissory note, Green Meadow, as Borrower, executed and delivered to Barclays, as Lender, a commercial loan agreement dated May 23, 2006. Article 12 of the loan agreement is entitled "Nonrecourse-Limitations on Personal Liability." Section 12.01 provides that "except as otherwise provided in Article 12, Section 15.04, or expressly stated in any of the other Loan Document, Lender shall enforce the liability of Borrower * * * only against the Property and other collateral given by Borrower as security for payment of the loan * * * and not against Borrower or any Borrower's principals, directors, officers, manager, members or employees." Sections 12.02 and 12.03 further state:

> Section 12.02 *Personal Liability for Certain Losses.* Section 12.01 SHALL NOT APPLY and Borrower shall be PERSONALLY LIABLE for all losses, claims, expenses or other liabilities incurred by Lender arising out of, or attributable to any of the following:
>
> * * *

Section 12.03 *Full Personal Liability*. Section 12.01 above shall BECOME NULL AND VOID and the Loan FULLY RECOURSE to Borrower if: * * * (g) a Reporting Default occurs and is not cured within thirty (30) days after Lender's written notice thereof, which notice shall be a second given after the expiration of the notice required under the definition of Reporting Default.

**{¶3}** Pursuant to the loan agreement, a "Reporting Default" means, [w]ithout reference to any cure period under Article 11, each instance that any of the following occur: (a) a failure to deliver any of the reports, information, statements or other materials required under Section 9.11 hereof within five (5) Business Days after written notice from Lender, (b) failure to provide the Compliance Certificate within five (5) Business Days after written notice from Lender, or (c) failure to permit Lender or its representatives to inspect or copy books and records within two (2) Business Days of Lender's written request.

**{¶4}** Article 11 of the Loan Agreement outlines the Events of Default and states:

Section 11.01 *Events of Default*. The occurrence of any one or more of the following events shall, at Lender's option, constitute an "Event of Default" hereunder:

(a) If any payment of principal and interest is not paid in full on or before the earlier to occur of (y) the fifth (5th) calendar day after the Payment Due Date on which such payment is due and (z) the sixth (6th) calendar day of the month in which such Payment Due Date occurs.

{¶5} In addition, Green Meadow, as mortgagor, executed and delivered to Barclays, as mortgagee, an open-ended mortgage, assignment of rents, leases, security agreement, and fixture filing dated May 23, 2006. Pursuant to the mortgage, Green Meadow mortgaged to Barclays the real estate and a security interest in the real estate which includes the property in Delaware County located at 8303 and 8333 Green Meadows Drive. The mortgage was recorded on May 24, 2006. Green Meadow also executed with Barclays an assignment of rents and leases, an environmental indemnity agreement, a cash management agreement, an assignment of property management contract and subordination of management fees, and a lockbox-deposit account control agreement.

{¶6} To further secure repayment of the loan appellant Greggory R. Hardy ("Hardy"), individually executed a guaranty on May 23, 2006. Pursuant to Article 2, Section 2.01 of the guaranty, Hardy "guaranteed to Lender the prompt payment when due, whether at stated maturity, by acceleration or otherwise, of all obligations and liabilities of Borrower pursuant to the terms and provisions of Article 12 of the Loan Agreement."

{¶7} Barclays assigned its interests to LaSalle Bank. It was thereafter assigned to Wells Fargo, then to appellee U.S. Bank National Association.

{¶8} On November 1, 2009, Green Meadow failed to make the monthly payments due under the terms of the note. Appellee sent Green Meadow a notice of event and default letter on February 9, 2010. On May 25, 2010 (Exhibit Z of appellee's complaint), appellee mailed Green Meadow a letter stating:

> [p]ursuant to the terms and conditions of the Cash Management Agreement and Section 9.11 of the Loan Agreement, in the Event of Default, Lender may demand from Borrower * * * immediate delivery of the following: 1. All rents, revenues and other incomes from the Property; 2. A current Rent Roll of the Property, the Property operating statements, and an accounting of security deposits related to the Property; and 3. All the bank statements from any and all accounts affiliated with the Property.

Appellee sent Green Meadow a second request for information on June 8, 2010 (Exhibit AA of appellee's complaint) and a third request for information on June 10, 2010 (Exhibit BB of appellee's complaint).

{¶9} On July 22, 2010, appellee filed a complaint against Green Meadow and Hardy and requested damages in the amount of $8,140,153.40 against Green Meadow and Hardy. Count One of the complaint was a breach of contract claim against Green Meadow. In Count Two of the complaint, appellee alleged a foreclosure of the real property, business assets, personal property, and other collateral. Count Three of the

complaint alleged breach of contract against Hardy based on Section 12.02 and 12.03 of the Loan Agreement. Count Four of the complaint stated Hardy breached the guaranty by Green Meadow's default under the terms of the loan agreement.

{¶10} Appellee filed a motion for summary judgment on November 1, 2010. In support of its motion for summary judgment, appellee attached the affidavit of Jason Reed ("Reed"), the Asset Manager of Helios AMC, LLC. Helios AMC, LLC is the Special Server for U.S. Bank. Green Meadow and Hardy filed a combined motion to strike and memorandum in opposition to the motion for summary judgment. On August 2, 2012, the trial court granted in part and denied in part the motion to strike, struck Paragraph 11 of the Reed affidavit, and found the remaining portions of the affidavit to be compliant with Civil Rule 56(E). Appellee filed a reply to appellants' response. On June 6, 2011, appellants filed a second motion to strike and a motion for leave to file a surreply. The trial court denied appellants' motion for leave to file a surreply on August 2, 2012.

{¶11} On January 19, 2012, the trial court authorized the receiver to sell the property. The receiver sold the real property for $4,401,915 and the proceeds were paid to appellee. This sale resolved Count Two of appellee's complaint.

{¶12} The trial court granted appellee's motion for summary judgment on August 22, 2012 and found that both Green Meadow and Hardy were liable for the full recourse amount per the terms of the loan agreement and guaranty in the amount of $8,140,153.40. Green Meadow and Hardy appealed the trial court's decision. In *U.S. Bank Nat'l Assn v. Green Meadow SWS LLC*, 5th Dist. Delaware No. 12CAE090069, 2013-Ohio-2002, this Court reversed the trial court's judgment in part and remanded the

matter to the trial court to consider appellants' surreply to the motion for summary judgment as to appellant Green Meadow. Further, we found that the trial court was required to take into consideration the sale of the real property in the amount of $4,401,915 paid to appellee. Finally, we determined the trial court did not err in denying appellants' motion to strike the affidavit of Reed that was submitted in support of appellee's motion for summary judgment.

{¶13} After the remand to the trial court, appellants filed their surreply to the motion for summary judgment on June 7, 2013. On July 9, 2013, the trial court issued a judgment entry granting appellee's motion for summary judgment. The trial court noted that this Court remanded the matter to consider appellants' surreply and to take into consideration the sale of the real property in the amount of $4,401,915 paid to appellee. The trial court determined, after considering appellants' surreply, that appellee was entitled to summary judgment.

{¶14} Appellants appeal the July 9, 2013 judgment entry of the trial court and assign the following as error:

{¶15} "I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF U.S. BANK NATIONAL ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT (R. 28) IN ITS JULY 9, 2013 JUDGMENT ENTRY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (R. 143), WHICH RE-ENTERED THE JUDGMENT GRANTED IN ITS AUGUST 22, 2012 JUDGMENT ENTRY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (R. 124)."

I.

*Summary Judgment*

{¶16} Civ.R. 56 states, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶17} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474

N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

**{¶18}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

**{¶19}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

**{¶20}** The facts relied upon in a motion for summary judgment must be presented by the type of evidence listed in Civil Rule 56(C), which includes "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be

admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E).

*Triggering a Reporting Default*

**{¶21}** Appellants contend appellee has provided conflicting evidence as to whether Exhibits Z and AA to the complaint are the necessary notices to trigger a reporting default. Appellants state the information contained in the Reed affidavit is contradictory to previous interrogatory responses and thus a genuine issue of material fact exists as to whether appellee met the notice requirement for a reporting default. We disagree.

**{¶22}** Appellants are correct that, based upon the plain language of the loan agreement, for appellee to establish a reporting default, appellee must (1) give notice to Green Meadow and request that any of the reports, information, statements or other materials required under Section 9.11 be provided within five business days; and (2) if Green Meadow fails to provide the materials requested, then appellee must provide another notice giving a thirty day cure period. If a condition precedent is not fulfilled, the parties are excused from performing under the contract. *Father & Son Property Maintenance, LLC v. Maxim Ents., Inc.*, 5th Dist. No. 2010CA00116, 2011-Ohio-689. "Essentially, a condition precedent requires that an act must take place before a duty to perform a promise arises. If the condition is not fulfilled, the parties are excused from performing." *Id.*, quoting *Atelier Dist., LLC v. Parking Co. of Am., Inc.*, 10th Dist. No. 07AP-87, 2007-Ohio-7138.

**{¶23}** Reed's affidavit states that, "[o]n May 25, 2010, Trustee mailed Green Meadows a Request for Information and follow-up to the default notice letter ("Request

for Information"). The Request for Information letter is attached to the Complaint as Exhibit Z and is incorporated herein by reference." Reed further states that, "[o]n June 8, 2010 Trustee mailed Green Meadows a Second Request for Information and follow-up to the default notice letter ("Second Request for Information"). The Second Request for Information letter is attached to the Complaint as Exhibit AA and is incorporated herein by reference." In appellee's responses to appellants' requests for admission, appellee denied that Exhibit Z was an attempt to provide written notice of information required under Section 9.11 and denied that Exhibit AA was a second attempt to provide notice of a reporting default under Section 12.03. Appellants argue the contradiction in Reed's affidavit and the responses to the requests for admission creates a genuine issue of material fact and that, pursuant to the Ohio Supreme Court case *Byrd v. Smith*, an affidavit in support of summary judgment that is contradictory to prior testimony prevents summary judgment. 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47.

{¶24} We find that Reed's affidavit is not contradictory to prior testimony and that the Reed affidavit and appellee's responses to appellants' requests for admissions do not create a genuine issue of material fact. In the requests for admissions, appellants do not ask appellee whether Exhibit Z provided a written notice or request of information and do not ask appellee whether Exhibit AA was a second request for information to provide notice of a reporting default, as is the information provided by Reed in his affidavit. Rather, as shown by the plain language of the requests for admissions, appellants inquire whether Exhibit Z was an "attempt" to provide written notice of information and whether Exhibit AA was a "second attempt" to provide notice of a

reporting default. Appellee denied these letters were "attempts" at written notices for information or notices of a reporting default and, in the explanation following each request for admission, appellee stated its notices were "directed to Borrower regarding Borrower's default of terms of the Loan Agreement and provided after Borrower had previously received notice of the Default provided by Plaintiff."

**{¶25}** Accordingly, appellee met its initial summary judgment burden by submitting Reed's affidavit, Exhibit Z, Exhibit AA, and Exhibit BB providing that appellee sent the (1) notice to Green Meadow and request for information within five days and (2) a second notice giving a thirty (30) day cure period. Reed's affidavit and the exhibits submitted by appellee establish appellants were provided with the written requests for information as required by the loan agreement and appellants failed to cure the reporting defaults. Since appellee met its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Appellants may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991). Appellants failed to meet their reciprocal burden. Appellants failed to submit any Civil Rule 56 evidence that they did not receive the notices triggering full-recourse liability, that they responded in any way to the notices, or that they provided any documentation or information as required pursuant to the loan documents. Accordingly, the trial court did not err in finding there is no genuine issue of material fact as to whether a reporting default was triggered.

*Compliance with Notice Provisions*

{¶26} Appellants next argue there is a genuine issue of material fact as to whether appellee complied with the notice procedures mandated by the loan agreement. Appellants contend that since appellee sent the notices of reporting default to "Green Meadow SWC LLC" instead of "Green Meadow SWS LLC" and failed to include the "c/o Quantum Management and Investment LLC" in the notices to Hardy, a genuine issue of material fact is created with regard to notice provision compliance. We disagree.

{¶27} Appellants cite to a Wyoming case in support of their argument and encourage this Court to utilize the Wyoming case to find the default notices in this case were not in compliance with the underlying loan document and thus are not effective. However, we decline to apply the rationale from the Wyoming case, as this Court has previously recognized that constructive notice can be sufficient to provide proper notice and a key factor in this determination is whether the notice provided prejudiced the party receiving the notice. *Ohio Farm Bureau Federation, Inc. v. Amos*, 5th Dist. No. 07-COA-006, 2008-Ohio-459.

{¶28} For each of the notices, appellee sent notice to "Green Meadow SWC, LLC" care of a registered agent in Worthington, Ohio, and to "Green Meadow SWC, LLC c/o Greggory Hardy, Quantum Management & Investment, LLC" at a Tipton, Michigan address. Appellee also sent each of the notices to "Greggory Hardy, Guarantor" at the Tipton, Michigan address and also to "Quantum Management & Investment LLC, Manager, Attention: Greggory R. Hardy" at the Tipton, Michigan address. We find these notices to be sufficient constructive notice, especially since

appellants failed to set forth any evidence that they did not receive the notices. We find nothing in the record before this Court to establish appellants were prejudiced in any way by the use of "SWC" instead of "SWS" and the failure to include "c/o Quantum Management & Investment" in the notices to Hardy.

**{¶29}** Further, appellee met its initial burden of informing the trial court of the basis of its motion for summary judgment because its pleadings, affidavit, and attached exhibits indicate appellee sent the required notice to appellants in conformance with the loan documents. However, appellants failed to set forth any Civil Rule 56(C) evidence that either Green Meadow or Hardy did not receive the notices or that either appellant somehow responded to the notices sent by appellee. Thus, appellants failed to meet their burden to set forth specific facts demonstrating a genuine issue of material fact does exist. The trial court did not err in determining appellee complied with the notice procedures mandated by the loan agreement.

*Scope of the Guaranty*

**{¶30}** Appellants contend the scope of the guaranty is ambiguous and that the trial court improperly utilized a heading to define the terms contained in the guaranty, which is specifically prohibited by the language in the guaranty. Further, that if Green Meadow is not liable for any deficiency judgment, neither is Hardy. We disagree.

**{¶31}** We initially note that, pursuant to the language in the guaranty, Hardy waived the right to make defenses to the guaranty. Section 3.04 of the guaranty provides, "[e]ach guarantor acknowledges and agrees that its respective liability hereunder shall in no way be released, terminated, discharged, limited or impaired by reason of any of the following (whether or not Guarantor has any knowledge or notice

thereof): * * * (i) the existence of any * * * defense or other rights which Guarantor might have against * * * Lender, whether in connection with the Loan or any other transaction." A party can waive its potential legal defenses against enforcement of a guaranty as a term within the guaranty. *Buckeye Fed. Sav. & Loan Assn. v. Guirlinger*, 62 Ohio St.3d 312, 316, 581 N.E.2d 1352 (1991); *General Electric Capital Corp. v. Steve Mox Trucking, Inc.*, N.D. Ohio No. 3:04CV7574, 2006 WL 2077038 (July 24, 2006).

**{¶32}** Even if Hardy did not waive his defenses, we find the guaranty is not ambiguous. A guaranty is construed like a contract. *MidAm Bank v. Dolin*, 6th Dist. No. L-04-1033, 2005-Ohio-3353. If a guaranty's terms are clear and unambiguous, a court may not construe it to have another meaning. *O'Brien v. Ravenswood Apts., Ltd.*, 169 Ohio App.3d 233, 2006-Ohio-5264, 862 N.E.2d 549 (1st Dist.). A guarantor is bound by the words of his or her contract, "but this rule does not entitle the guarantor 'to demand an unfair and strained interpretation of those words' in order that the guarantor may be released from the obligation that was assumed." *Fifth Third Bank v. Jarrell*, 10th Dist. Franklin No. 04AP-358, 2005-Ohio-1260, quoting *Morgan v. Boyer*, 39 Ohio St. 324 (1883).

**{¶33}** In this case, the personal guaranty is clear and unambiguous. Section 2.01 of the guaranty provides that Hardy, "guarantees to Lender the prompt payment when due * * *of all obligations and liabilities of Borrower pursuant to the terms and provisions of Article 12 of the Loan Agreement." Only upon the occurrence of one of the items listed in Sections 12.02 or 12.03 of the loan agreement would Green Meadow or Hardy be liable in their individual capacity. Section 12.03 provides that the loan is fully recourse to the borrower under certain conditions. As discussed above, appellants

failed to cure the reporting default.  This failure triggered Green Meadow's full-recourse liability under Section 12.03 and, pursuant to Section 2.01 of the guaranty, Hardy's full-recourse liability.   The trial court's reference to the title under the guaranty of "exceptions to non-recourse liability" was not an improper utilization of a section heading to interpret the guaranty.  Rather, the subtitle is simply a confirmation of the provisions and plain language contained in the guaranty itself.

{¶34} Appellants also argue that Hardy can be liable under the guaranty only if Green Meadow is first found to be liable for full recourse.  We disagree.  Section 2.03 of the guaranty provides as follows:

> Direct Action Against Guarantor. Each Guarantor's liability under
> this Guaranty is a guaranty of payment and performance and not of
> collection.  Lender has the right to require each Guarantor to pay,
> comply with and satisfy its obligations and liabilities under this
> Guaranty, and shall have the right to proceed immediately against
> each Guarantor with respect thereto, without being required to
> attempt recovery first from Borrower or any other party, without first
> suing on the Note or any other Loan Document and without
> demonstrating that the collateral for the Loan is inadequate security
> or that Lender has exercised (to any degree) or exhausted any of
> Lender's other rights and remedies with respect to Borrower or any
> collateral for the Loan.

{¶35} Accordingly, the specific terms of the guaranty permit appellee to purse the debt incurred by Green Meadow against Hardy regardless of whether it pursued or

obtained a judgment for full recourse liability against Green Meadow. The trial court did not err in failing to find the scope of the guaranty ambiguous.

*Full Recourse Liability Provisions*

**{¶36}** Appellants argue that reporting defaults which create full recourse liability are void as unenforceable penalty provisions. We disagree.

**{¶37}** We again note that the plain language of Section 3.04 of the guaranty provides that Hardy waived the right to make defense to the guaranty. *Buckeye Fed. Sav. & Loan Assn. v. Guirlinger*, 62 Ohio St.3d 312, 316, 581 N.E.2d 1352 (1991); *General Electric Capital Corp. v. Steve Mox Trucking, Inc.*, N.D. Ohio No. 3:04CV7574, 2006 WL 2077038 (July 24, 2006). In addition, Ohio law supports enforcing full recourse provisions. In *First Union-Lehman Brothers Bank of America Comm. Mtge. Trust v. Imperial Plaza, Ltd.*, 2nd Dist. Montgomery No. 23686, 2010-Ohio-2009, the issue was whether the conditions for invoking a personal guaranty were met. In *First Union*, there was a promissory note that provided the liability was generally non-recourse. *Id.* However, a specific section of the promissory note voided the agreement not to pursue recourse liability under certain specific conditions. *Id.* Because the lender established a breach of one of the specific sections or conditions under which recourse liability could be pursued (the borrower extended credit to a third party), the Second District found the lender was entitled to invoke the personal guarantee. *Id.*

**{¶38}** We find the facts in the instant case to be analogous to the *First Union* case. Here, there is a loan agreement that provides, except as otherwise provided in Article 12 or expressly stated in the loan document, the lender can only enforce the liability of the borrower against the property and other collateral given by the borrower

as security for payment of the loan.  Section 12.03 provides that the non-recourse provision of Section 12.01 is null and void if a reporting default is not cured within thirty (30) days after lender's written notice.  As noted above, appellants failed to set forth any Civil Rule 56 evidence or specific facts demonstrating a genuine issue of material fact exists as to the reporting default, the failure to cure the reporting default, and the failure to respond to appellee's request for financial information.  The trial court did not err in finding full recourse provisions are not void as unenforceable penalty provisions under Ohio law.

**{¶39}** Based on the foregoing, we find the trial court did not err in granting appellee's motion for summary judgment.  Appellants' assignment of error is overruled.  The July 9, 2013 judgment entry of the Delaware County Common Pleas Court which re-entered the summary judgment granted to appellee in its August 22, 2012 entry is affirmed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur