[Cite as *U.S. Home Ownership, L.L.C. v. Collin L. Young*, 2018-Ohio-1059.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| U.S. HOME OWNERSHIP, LLC | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27382 |
| | : | |
| v. | : | Trial Court Case No. 2015-CV-2823 |
| | : | |
| COLLIN L. YOUNG, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of March, 2018.

. . . . . . . . . . .

BRIAN S. JACKSON, Atty. Reg. No. 0068516, 7550 Paragon Road, Centerville, Ohio 45459
 Attorney for Plaintiff-Appellee

WORRELL A. REID, Atty. Reg. No. 0059620, 6718 Loop Road, Centerville, Ohio 45459
 Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Collin L. Young, appeals from the trial court's decision of November 16, 2016, granting summary judgment in favor of Plaintiff-appellee, U.S. Home Ownership, LLC ("USHO"). Young argues, in three assignments of error, that the trial court incorrectly concluded that USHO met its burden under Civ.R. 56(C) to demonstrate the absence of any genuine issues of material fact. We find that USHO did not meet its burden, and therefore, we reverse.

## I. Facts and Procedural History

{¶ 2} Young executed a promissory note on or about October 17, 2005 (the "Note") made payable to Intervale Mortgage Corporation in the principal amount of $138,000.00. Am. Compl., Ex. A. On or about the same date, Young executed a mortgage (the "Mortgage") on the real property located at 1200 Latchwood Avenue in Dayton (the "Property") to secure his repayment of the Note. *Id.* at Ex. B. Afterward, Intervale Mortgage Corporation assigned the Mortgage to the Bank of New York Trust Company, N.A.; the Bank of New York Trust Company, N.A. assigned the Mortgage to Residential Funding Company, LLC; and Residential Funding Company, LLC assigned the Mortgage to CSH Fund IV, LLC. *See id.* CSH Fund IV, LLC also took possession of the Note.[1] *See id.* at Ex. A.

{¶ 3} On October 1, 2012, CSH Fund IV, LLC commenced a foreclosure

---

[1] The series of endorsements and allonges appears to indicate that Intervale Mortgage Corporation transferred the Note to Decision One Mortgage Company LLC, Ltd.; Decision One Mortgage Company LLC, Ltd. transferred the Note to Residential Funding Company, LLC; Residential Funding Company, LLC transferred the Note to the Bank of New York Trust Company, N.A.; the Bank of New York Trust Company, N.A. transferred the Note back to Residential Funding Company, LLC; and Residential Funding Company, LLC then transferred the Note to CSH Fund IV, LLC. *See* Am. Compl., Ex. A.

proceeding against Young in Montgomery County Court of Common Pleas Case No. 2012 CV 07043. The case was dismissed pursuant to Civ.R. 41(A) on September 10, 2013. Subsequently, CSH Fund IV, LLC transferred the Mortgage and the Note to Capital Income and Growth Fund, LLC, which in turn, transferred the Mortgage and the Note to USHO. *See* Am. Compl., Exs. A-B.

{¶ 4} USHO filed its own complaint in foreclosure against Young on May 28, 2015. On USHO's motion, the trial court entered summary judgment in its favor in a decision entered on November 16, 2016 (the "Decision").

## II. Analysis

{¶ 5} Young challenges the trial court's entry of summary judgment in favor of USHO. Because appellate review of summary judgment rulings is de novo, we apply the standard set forth in Civ.R. 56(C), pursuant to which summary judgment "shall be rendered forthwith" when: (1) "there is no genuine issue as to any material fact"; (2) "the moving party is entitled to judgment as a matter of law"; and (3) construing the evidence most strongly in favor of the non-moving party, "reasonable minds" could not conclude otherwise. *See also Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24; *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). The movant initially bears the burden of showing that no genuine issues of material fact exist. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).

{¶ 6} In order to meet this burden, the movant may rely only on those portions of the record properly before the court under Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant thus provides the court with

evidence that no genuine issues of material fact exist, then the non-moving party bears the reciprocal burden, as stated in Civ.R. 56(E), to establish specific facts showing genuine issues to be tried. *Id.* at 293. The non-moving party "may not rest upon the mere allegations or denials of [the] pleading[s], but must set forth specific facts showing there is [at least one] genuine issue for trial" to satisfy its reciprocal burden. *Chaney v. Clark County Agric. Soc.*, 90 Ohio App. 3d 421, 424, 629 N.E.2d 513 (2d Dist.1993), citing Civ.R. 56(E), and *Jackson v. Alert Fire & Safety Equip.*, 58 Ohio St.3d 48, 51, 567 N.E.2d 1027 (1991). Whether a fact is "material" depends on the substantive law of the claim being litigated. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *Turner v. Turner*, 67 Ohio St.3d 337, 340, 617 N.E.2d 1123 (1993).

{¶ 7} Young bases his three assignments of error on the premise that the trial court incorrectly concluded that this case presents no genuine issues of material fact. To prevail on a motion for summary judgment in a foreclosure action, the plaintiff must prove: " '(1) [it] is the holder of the note and [the] mortgage, or is a party entitled to enforce [them]; (2) if the [plaintiff] is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.' " *JP Morgan Chase Bank, N.A. v. Massey*, 2d Dist. Montgomery No. 25459, 2013-Ohio-5620, ¶ 20, quoting *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 10. According to Young, the record establishes the existence of genuine disputes of fact concerning USHO's satisfaction of the conditions precedent to its right to initiate foreclosure proceedings, its entitlement to enforce the Note and the Mortgage, and the amount of unpaid principal and

interest it seeks to recover.   These are material facts under substantive foreclosure law.

{¶ 8} For his first assignment of error, Young contends that:

THE TRIAL COURT'S RULING IN THE FINAL AND APPEALABLE DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND THE ACCOMPANYING DECREE OF FORECLOSURE, FILED ON NOVEMBER 16, 2016, WHEREIN THE COURT FOUND THAT THE PLAINTIFF HAD MET ALL CONDITIONS PRECEDENT, WAS CONTRARY TO LAW AS THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER OR NOT THE HOMEOWNER WAS PROPERLY SERVED WITH NOTICE OF DEFAULT, AND THUS IN REGARDS TO PLAINTIFF'S STANDING.

{¶ 9} In the Decision, the trial court held that USHO "complied with all conditions precedent" to its right to initiate foreclosure proceedings "by mailing the requisite notice [of default] by first-class mail as required by the [N]ote."   Decision 27.   Young argues that the trial court erred because: (1) neither the notice dated April 4, 2012, nor the notice dated February 5, 2014, has been properly authenticated; (2) the notice dated February 5, 2014 does not comply with the relevant terms of the Mortgage; and (3) the notice dated April 4, 2012 was issued on behalf of one of USHO's predecessors in anticipation of a previous foreclosure action (Case No. 2012 CV 07043) that has since been dismissed, effectively nullifying it.   See Appellant's Br. 3-7.

{¶ 10} Regarding Young's first argument, USHO submitted two affidavits in support of its motion for summary judgment, both of which were executed by Darryl Fry, USHO's managing member.   Pl.'s Aff. of Status of Account ¶ 1, Mar. 10, 2016

[hereinafter *First Affidavit*]; Pl.'s Supplemental Aff. of Status of Account ¶ 1, Oct. 11, 2016 [hereinafter *Second Affidavit*]. In the First Affidavit, Fry avers that "[a]ccording to [USHO]'s business records, a written notice of default was sent to Collin L. Young in accordance with the terms of the [N]ote and [the] [M]ortgage," and that a "duplicate, true and accurate copy of the notice" is attached. First Aff. ¶ 9. Fry offers no other description of the attached document itself, though Exhibit "D" consists of at least one page of the notice of default dated February 5, 2014. *See id.* at Ex. D. In the Second Affidavit, Fry avers that "[a]ccording to [USHO]'s business records, a [n]otice of [d]efault was sent [to] Collin L. Young by first class mail." Second Aff. ¶ 5. Fry supports this averment with "a duplicate, true and accurate copy of the [a]ffidavit of Dawn Kernicky," which was filed by CSH Fund IV, LLC in Case No. 2012 CV 07043; a "duplicate true and accurate copy of the notice of default" attached to Kernicky's affidavit; and "a copy of its first class mail envelop[e]." *Id.*

{¶ 11} For an affiant to authenticate a business record under Evid.R. 803(6), he "must demonstrate that: (1) the record was prepared by an employee of the business who had a duty to report the information; (2) [he has] personal knowledge of the event or transaction reported; (3) the record was prepared at or near the time of the event or transaction"; and (4) the business created such records as a regular practice. *State v. Richardson*, 2016-Ohio-8081, 75 N.E.3d 831, ¶ 39 (2d Dist.), citing *State v. Hall*, 2d Dist. Montgomery No. 19074, 2003-Ohio-2824, ¶ 34. By this standard, Fry would not seem to have the requisite personal knowledge to authenticate Kernicky's affidavit or the attached exhibits, though the affidavit itself has been notarized and is therefore self-authenticating under Evid.R. 902(1). Second Aff. ¶ 5 and Ex. A. With respect to the

First Affidavit, however, we find that Fry has failed to demonstrate sufficient personal knowledge to authenticate Exhibit D.

{¶ 12} If "particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of [the corresponding] facts, then * * * something more than a conclusory averment that the affiant [actually] has [personal] knowledge of the facts [is] required." *Merchants Nat'l Bank v. Leslie*, 2d Dist. Clark No. 3072, 1994 WL 12433, *2 (Jan. 21, 1994); *see also U.S. Bank, N.A. v. Duvall*, 8th Dist. Cuyahoga No. 102156, 2015-Ohio-2275, ¶ 19, citing *Leslie*, 1994 WL 12433. In Paragraph 9 of the First Affidavit, Fry avers that "a written notice of default was sent to Collin L. Young in accordance with the terms of the [N]ote and [the] [M]ortgage," and he describes the attached Exhibit D as "a duplicate, true and accurate copy of the notice." First Aff. ¶ 9.

{¶ 13} A comparison of Fry's averment in Paragraph 9 with the single page appearing in Exhibit D calls Fry's personal knowledge of the document into question.[2] Fry fails to specify even as much as the date on which the document was purportedly sent to Young, nor does he provide any other description of the document, such as a reference to the identity of the attorney or law firm responsible for sending it. *Id.* Fry's assertion, furthermore, that the document accords "with the terms of the [N]ote and [the] [M]ortgage" is inaccurate. Paragraph 22 of the Mortgage requires that a notice of default advise Young of his "right to assert in [a] foreclosure proceeding the non-existence of a default or any other defense * * * to acceleration and foreclosure" and list "a date, not

---

[2] Construing the words of his affidavit literally, Fry never squarely avers that he saw Exhibit D as part of his "review[] [of] certain business files, documents and other business records." *See* First Aff. ¶ 1 and 9. He did, on the other hand, aver unequivocally that he reviewed the copies of the Mortgage, the Note and the Modification Agreement. *Id.* at ¶ 8.

[fewer] than 30 days from the date the notice is given" by which "the default must be cured." Am. Compl., Ex. B. The text of Exhibit D includes no advice concerning Young's right to assert the non-existence of default or other defenses in a foreclosure proceeding, and the document, dated February 5, 2014, specifies a cure-by date of March 6, 2014—only 29 days later. *See* First Aff. ¶ 9 and Ex. D. Additionally, the document itself, written on a law firm's letterhead, appears to be an incomplete copy inasmuch as contrary to prevailing custom, it bears no signature; ordinarily, a law firm's correspondence is signed by one or more of the firm's agents, associates, employees or partners. *Id.* at Ex. D.

**{¶ 14}** We hold that Fry lacks personal knowledge sufficient to authenticate the notice of default dated April 4, 2012. Further, we hold that Fry has failed to demonstrate that he has personal knowledge sufficient to authenticate the notice of default dated February 5, 2014. Our holding that Fry has failed to authenticate Exhibit D to the First Affidavit essentially renders Young's second argument moot, though as noted above, the text of Exhibit D does not satisfy the requirements of Paragraph 22 of the Mortgage.

**{¶ 15}** Regarding Young's third argument, the notice of default dated April 4, 2012 was issued by "RoundPoint Mortgage Servicing Corporation as servicer for CSH Fund IV, LLC," one of USHO's predecessors in interest. Second Aff. ¶ 5 and Exs. A-B. Paragraph 22 of the Mortgage requires that the "[l]ender give notice to [the] [b]orrower prior to acceleration." (Emphasis added.) Am. Compl., Ex. B. Likewise, Subparagraph 7(C) of the Note indicates that upon the borrower's failure to pay as agreed, "the [n]ote [h]older may send [the borrower] a written notice" of default. (Emphasis added.) *Id.* at Ex. A. On its face, then, the notice of April 4, 2012 does not

satisfy the conditions precedent to USHO's right to initiate a foreclosure action because Paragraph 22 of the Mortgage requires that notice of default be sent by the "[l]ender," and Subparagraph 7(C) of the Note requires that notice of default be sent by the "[n]ote [h]older." *Id.* at Exs. A-B. At the time USHO filed its complaint against Young, CSH Fund IV, LLC was no longer the mortgagee or the holder of the Note, meaning that USHO did not, itself or through an agent, fulfill the notice requirements set forth in the Mortgage and the Note by way of the notice sent to Young on April 4, 2012.[3] *See Wells Fargo Bank v. Sowell*, 2015-Ohio-5134, 53 N.E.3d 969, ¶ 23-28 (8th Dist.); *Wells Fargo Bank v. Watson*, 2015-Ohio-2599, 41 N.E.3d 79, ¶ 72-73 (11th Dist.).

**{¶ 16}** Moreover, we are persuaded by case law suggesting that when a mortgagee issues a notice of default, commences a foreclosure action and then dismisses the action, the mortgagee (or its successor in interest) must send a new notice of default if it wishes to commence a second action against the mortgagor. *See, e.g.*, *Deutsche Bank Trust Co. Americas v. Beauvais*, 188 So.3d 938, 950-952 (Fla. 3d Dist. Ct. App.2016); *Granados v. Nadel*, 104 A.3d 921, 935, 220 Md.App. 482 (Md. Ct. Spec. App.2014); *compare with Bank of New York Mellon v. Walker*, 2017-Ohio-535, 78 N.E.3d 930, ¶ 11-17 (8th Dist.) (considering a roughly similar question for purposes of the statute of limitations). This requirement seems all the more justified in cases like the instant

---

[3] A defective notice of default can theoretically satisfy a mortgagee's obligation to notify the mortgagor in advance of filing a complaint in foreclosure. *U.S. Bank, N.A. v. Green Meadow SWS L.L.C.*, 2014-Ohio-738, 9 N.E.3d 433, ¶ 26-28 (5th Dist.) (finding that a technically inaccurate or imprecise notice of default provides "constructive notice * * * sufficient to provide proper notice" to a mortgagor). The notice of April 4, 2012, however, is not technically inaccurate or imprecise; it originated from a party who no longer had any interest in the underlying instruments or standing to prosecute a foreclosure action against Young.

matter, where the Mortgage and the Note were transferred twice after CSH Fund IV, LLC dismissed its foreclosure action against Young, and the intervening party in interest, Capital Income and Growth Fund, LLC, chose not to initiate a foreclosure action of its own.

{¶ 17} The notice of February 5, 2014, although purportedly sent by USHO, has not been properly authenticated. In the absence of a properly authenticated exhibit showing that USHO itself complied with the notice requirements established by the terms of the Mortgage and the Note, we hold that USHO has failed to demonstrate the absence of any genuine dispute of fact concerning its satisfaction of conditions precedent. Consequently, Young's first assignment of error is sustained.

{¶ 18} For his second assignment of error, Young contends that:

THE TRIAL COURT'S RULING IN THE FINAL AND APPEALABLE DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND THE ACCOMPANYING DECREE OF FORECLOSURE, FILED ON NOVEMBER 16, 2016, WHEREIN THE TRIAL COURT FOUND THAT THE CHAIN OF ASSIGNMENTS AND TRANSFERS SHOWED THAT THE PLAINTIFF WAS THE REAL PARTY IN INTEREST, WAS CONTRARY TO LAW AS THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER OR NOT THE PLAINTIFF WAS THE TRUE OWNER OF THE NOTE AND MORTGAGE.

{¶ 19} Young argues that USHO has failed to demonstrate that it has possession of the Note and the Mortgage. Appellant's Br. 8. The exhibits attached to USHO's amended complaint refute this argument.

**{¶ 20}** Exhibit A to the amended complaint is a copy of a promissory note executed by Young on or about October 17, 2005 and made payable to Intervale Mortgage Corporation in the principal amount of $138,000.00, and in his own affidavit, Young avers that on "October 17, 2005, [he] executed a [n]ote * * * in favor of Intervale Mortgage Corporation for the purchase of [his] home."  Am. Compl., Ex. A; Aff. of Collin Young ¶ 3, May 6, 2016.  Through a series of endorsements and allonges, Intervale Mortgage Corporation transferred the Note to Decision One Mortgage Company LLC, Ltd.; Decision One Mortgage Company LLC, Ltd. transferred the Note to Residential Funding Company, LLC; Residential Funding Company, LLC transferred the Note to the Bank of New York Trust Company, N.A.; the Bank of New York Trust Company, N.A. transferred the Note back to Residential Funding Company, LLC; Residential Funding Company, LLC transferred the Note to CSH Fund IV, LLC; CSH Fund IV, LLC transferred the Note to Capital Income and Growth Fund, LLC; and Capital Income and Growth Fund, LLC transferred the Note to USHO.  Am. Compl., Ex. A.  Thus, we conclude that USHO has established that it is the holder of the Note.

**{¶ 21}** Exhibit B to the amended complaint is a notarized copy of a mortgage executed by Young on October 17, 2005 with respect to the real property located at 1200 Latchwood Avenue in Dayton.  Am. Compl., Ex. B; Young Aff. ¶ 3.  Because the Mortgage is notarized, it is self-authenticating.  Evid.R. 902(1).

**{¶ 22}** In a series of assignments, Intervale Mortgage Corporation assigned the Mortgage to the Bank of New York Trust Company, N.A.; the Bank of New York Trust Company, N.A. assigned the Mortgage to Residential Funding Company, LLC; Residential Funding Company, LLC assigned the Mortgage to CSH Fund IV, LLC; CSH

Fund IV, LLC assigned the Mortgage to Capital Income and Growth Fund, LLC; and Capital Income and Growth Fund, LLC assigned the Mortgage to USHO. Am. Compl., Ex. B. The last assignment, which refers to the Note, was recorded on December 30, 2013, indicating that USHO took possession of the Mortgage and the Note before it filed its complaint against Young. *Id.*; *see also U.S. Bank, N.A. v. Rex Station Ltd.*, 2d Dist. Montgomery No. 26019, 2014-Ohio-1857, ¶ 20-22 (holding that cross-references among an assignment of mortgage, a mortgage and a note are "sufficient to raise a rebuttable presumption of [the assignor's] intent to convey both the mortgage and the note" to the assignee, even if the assignment lacks " 'an express transfer of the note' "), quoting *Fed. Home Loan Mortgage Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶ 36. As a result, we find that USHO has established that it had possession of the Mortgage and the Note at the time it filed its complaint, that it presently has possession of the Mortgage and the Note, and it thus has standing to pursue the instant action in foreclosure. Young's second assignment of error is overruled.

{¶ 23} For his last assignment of error, Young contends that:

THE TRIAL COURT'S RULING IN THE FINAL AND APPEALABLE DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND THE ACCOMPANYING DECREE OF FORECLOSURE, FILED ON NOVEMBER 16, 2016, WHEREIN THE TRIAL COURT FOUND THAT THE PLAINTFF HAD PROVEN THE AMOUNT OF PRINCIPLE AND INTEREST DUE, WAS CONTRARY TO LAW AS THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER OR NOT THE HOMEOWNER HAD SIGNED THE LOST

MODIFICATION AGREEMENT WHICH CHANGED THE AMOUNT DUE.

{¶ 24} USHO's claim for damages implicates a loan modification agreement allegedly executed by Young on or about December 16, 2008 (the "Modification Agreement"). First Aff. ¶ 8 and Ex. C. In Exhibit C to the First Affidavit, USHO provides an unexecuted copy of the Modification Agreement along with the affidavit of John Paredes, an "asset manager" in its employ, who avers that the Modification Agreement "increased the original principal amount of the [N]ote * * * from $138,000.00 to $167,844.49 and lowered the original adjustable interest rate from 8.99% to a fixed rate for five years of 3.5%." USHO provided Paredes's affidavit because "[a]fter a thorough and diligent manual search of the hard copy collateral file pertaining to [Young's] loan[,] the original [copy of the Modification Agreement] was not located." *Id.* Young denies that he executed the agreement. Young Aff. ¶ 5-10.

{¶ 25} R.C. 1303.38(A) states that a "person not in possession of an instrument is entitled to enforce" it only if: (1) the "person * * * was entitled to enforce the instrument when loss of possession occurred or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred"; (2) the "loss of possession was not the result of a transfer by the person or a lawful seizure;" and (3) the person "cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process." USHO acquired the Mortgage and the Note on or about December 30, 2013, roughly five years after the Modification Agreement was allegedly executed. Am. Compl., Ex. B.

**{¶ 26}** As a threshold matter, we conclude that the trial court erred in its decision to strike Paragraphs 6 through 10 of Young's affidavit.[4] Decision 23. The trial court made this ruling in reliance on Evid.R. 408, which states that "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount," and that "[e]vidence of conduct or statements made in compromise negotiations is likewise not admissible." Yet, the "rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations" or "when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing [sic] a contention of undue delay, or proving an effort to obstruct a criminal investigation." *Id.* Given that USHO is itself relying on the Modification Agreement, which apparently was at least proposed to Young during the course of settlement or compromise negotiations, Young should be allowed to offer evidence contesting USHO's allegation that he executed the agreement.

**{¶ 27}** Applying R.C. 1303.38 to the Modification Agreement, we find that USHO has failed to demonstrate the absence of any genuine dispute of fact on the material question of whether USHO was entitled to enforce the agreement at the time possession of the original was lost, or had obtained possession of the agreement from "a person who was entitled to enforce [it] when loss of possession occurred." Fry and Paredes cannot have personal knowledge concerning Young's alleged execution of the agreement

---

[4] The trial court did not err in its decision to strike Paragraphs 11 through 15 of the affidavit.

because USHO did not acquire the Mortgage until December 30, 2013, and USHO has not provided an affidavit from "Homecomings Financial, LLC," the other party listed in the agreement.   First Aff., Ex. C.   Young's third assignment of error is sustained.

### III. Conclusion

{¶ 28} Young's first and third assignments of error are sustained.   Accordingly, we reverse the trial court's decision sustaining USHO's motion for summary judgment and remand this matter to the trial court for proceedings consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Brian S. Jackson
Worrell A. Reid
Michele Phipps
Hon. Dennis J. Langer