[Cite as *Wells Fargo Bank, N.A. v. Mayo*, 2018-Ohio-1432.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Wells Fargo Bank, N.A.                    Court of Appeals No. E-16-007

    Appellee                               Trial Court No. 2012-CV-375

v.

Hollies P. Mayo                           **DECISION AND JUDGMENT**

    Appellant                              Decided: April 13, 2018

* * * * *

Daniel C. Gibson, Nelson M. Reid and Kara H. Herrnstein,
for appellee.

Geoffrey L. Oglesby and Danielle C. Kulik, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Hollies P. Mayo, appeals from the December 31, 2015 judgment of the Erie County Court of Common Pleas granting appellee, Wells Fargo Bank, N.A., Trustee for the Certificate Holders of Carrington Mortgage Loan Trust, Series 2007-FRE1 Asset-Backed Pass-Through Certificates (hereinafter "Wells Fargo"), judgment on

a promissory note in the amount of $92,306.82 and granting foreclosure of the mortgage securing the note. The notice of appeal was premature, but a final judgment of foreclosure was entered on January 21, 2016. For the reasons which follow, we affirm.

{¶ 2} On appeal appellant asserts the following assignments of error:

ASSIGNMENT OF ERROR NO. I

The Trial Court Erred by Finding that the Plaintiff Note Holder complied with the terms of the agreement of giving Thirty Days' Notice of Default to the Defendant when the Note Holder never sent notice that the Defendant was in Default of the Note that Plaintiff recently possessed.

ASSIGNMENT OF ERROR NO. II

The Trial Court erred by finding that Plaintiff's Predecessor gave notice to the Defendant of Default when there was no evidence that the notice of default was sent to the address Defendant had given to the Plaintiff's Predecessor.

{¶ 3} On May 21, 2012, Wells Fargo filed a complaint in foreclosure against Mayo. Summary judgment was denied to Wells Fargo because the trial court found there was a genuine issue of material fact as to whether Wells Fargo had complied with all contractual preconditions to filing a foreclosure action. The case proceeded to a bench trial on February 17, 2015.

{¶ 4} We note that while appellant ordered a transcript of the trial, she did not pay for the transcript and, therefore, neither the transcript nor the exhibits admitted into

2.

evidence were filed in the appeal. The transcript of the lower court proceedings must be filed by appellant, if necessary for disposition of the appeal, because appellant bears the burden of showing error by reference to the record. App.R. 9(B), 10(A), and 12(A)(2); *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Therefore, our review is limited on appeal to the questions of law determined by the trial court based on the facts found by the trial court.

{¶ 5} The trial court made the following factual findings in its December 31, 2015 judgment entry. On November 30, 2006, Mayo executed a promissory note in the amount of $94,500. The lender was Fremont Investment & Loan. The note was secured by a first mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Fremont Investment & Loan, which encumbered the property at 1102 Columbus Avenue, Sandusky, Ohio. The mortgage was recorded December 11, 2006. EMC Mortgage LLC (hereinafter "EMC") was the servicer for the original lender in 2007. Mayo's last payment on her account was made December 1, 2009. At the time of the breach, EMC physically held the note, which was endorsed in blank and made payable to the bearer.

{¶ 6} Under the promissory note paragraphs 7(C) and 8, notice of default was necessary for acceleration of the debt and that notice was required to be delivered or mailed by first class mail to the property address. Under the mortgage, paragraph 22, a notice of default was required to be sent prior to acceleration of the debt and exercise of the right of foreclosure by judicial proceeding and sale of the property. The stated

3.

purpose of the notice of default was to give the borrower 30 days to cure the default. Pursuant to the mortgage, paragraph 15, the notice of default had to be delivered or mailed by first class mail to the property address unless another address was provided.

{¶ 7} The court found EMC mailed a notice of default on August 3, 2010, to Mayo at the property address. Mayo had not notified the note holder of a different address for receiving notice of default. The notice of default informed Mayo that a default occurred on January 1, 2010; what action Mayo needed to take to cure the default and by what date; that failure to cure the default would result in commencement of the foreclosure action; and of her rights to reinstate after default and to defend in foreclosure. The notice of default further directed that Mayo remit payment to the mortgage loan servicer at that time, EMC. When EMC sent the default letter to Mayo in 2010, it had already (in May, 2008) been acquired by JPMorgan Chase, N.A. (hereinafter "Chase") and continued to do business under the control of Chase until it was fully absorbed by Chase in April 2011. Chase is a loan servicer for Wells Fargo and maintains all of its mortgage loan records.

{¶ 8} Wells Fargo acquired the note and the mortgage on May 1, 2012 (and the assignment of the mortgage was recorded May 10, 2012). Therefore, the court concluded Wells Fargo was the holder of the note and mortgage when it filed the foreclosure action on May 21, 2012. The trial court also found Wells Fargo had complied with the conditions for notice of default and acceleration of the note. The trial court concluded Mayo had been properly notified of the default, she did not act to cure the arrearage, and the entire note became due with interest. The court found the current principal balance

4.

due Wells Fargo was $92,306.82, with interest at 8.6 percent per annum from December 1, 2009. In its January 25, 2016, judgment entry, the trial court ordered foreclosure of the mortgage lien. Mayo appeals from the final judgment of foreclosure.

{¶ 9} On appeal, Mayo argues in her first assignment of error the trial court erred in finding that Wells Fargo sent a notice of default to Mayo as required by the promissory note and mortgage as a contractual condition precedent to a claim for foreclosure. Mayo argues the notice of default sent by EMC became moot once EMC ceased to be the holder of the note because EMC was made whole by the sale of the note to Wells Fargo. She further argues Wells Fargo had a separate duty to send her notice of the default as the subsequent holder of the note. Because Wells Fargo had acquired the note less than one month prior to filing the foreclosure action, Mayo argues Wells Fargo cannot establish it had complied with the condition precedent of sending Mayo notice of her default.

{¶ 10} We note that Mayo generally denied in her answer the allegation made by Wells Fargo in its complaint that it had complied with all conditions precedent prior to foreclosing the mortgage. Civ.R. 9(C) allows the plaintiff to aver conditions precedent generally, but requires the defendant to deny performance or occurrence of the conditions precedent "specifically and with particularity" or the allegation that the conditions precedent were satisfied is deemed admitted. Civ.R. 8(D); *Huntington Bank v. Popovec*, 7th Dist. Mahoning No. 12 MA 119, 2013-Ohio-4363, ¶ 15. In this case, Mayo's general denial does not satisfy the requirements of Civ.R. 9(C) and the trial court should have

5.

found that she had already admitted this fact and dismissed her arguments regarding the fulfillment of the conditions precedent.

{¶ 11} Even if we consider the question of law she raises, as the trial court did, we conclude the notice sent by a prior holder inures to the benefit of a subsequent holder. Therefore, we reject Mayo's argument to the contrary.

{¶ 12} A holder is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." R.C. 1301.201(B)(21)(a). The holder is the "person entitled to enforce" the instrument. R.C. 1303.31(A)(1). R.C. 1303.22(B) provides that "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument." Furthermore, we agree with Wells Fargo that basic contract principles apply to mortgage agreements, *First Fed. S. & L. Assoc. v. Perry's Landing, Inc.*, 11 Ohio App.3d 135, 143, 463 N.E.2d 636 (6th Dist.1983), including the concept of privity as a result of the assignment of the mortgage, *Bank of New York Mellon v. Huth*, 6th Dist. Lucas Nos. L-12-1241, L-12-1283, 2014-Ohio-4860, ¶ 36, quoting *EMC Mtge. Corp. v. Jenkins,* 164 Ohio App.3d 240, 2005-Ohio-5799, 841 N.E.2d 855, ¶ 20 (10th Dist.) (citation omitted).

{¶ 13} EMC sent default notice in 2010 as a holder of the note. Wells Fargo became the holder of the note in 2012, when it purchased the note. Since there is nothing in the trial court's factual findings to dispute that Wells Fargo purchased the note in good faith as part of its ordinary course of business, Wells Fargo obtained all the rights of

6.

EMC under the note, including the right to file a foreclosure action. Mayo acknowledges that the purpose of the notice of default is to ensure fair dealing and give the maker opportunity to cure the default. Certainly after two years of being in default, the maker cannot claim the failure of a subsequent holder to send a second notice of default resulted in unfairness. The trial court found Mayo had not taken any action since 2010 to cure the default.

{¶ 14} Therefore, we conclude that upon the sale of the note and assignment of the mortgage to Wells Fargo, it also acquired the right to accelerate the debt and file a foreclosure action because the conditions precedent had been satisfied. Mayo's first assignment of error is found not well-taken.

{¶ 15} In her second assignment of error, Mayo argues that her personal address was the address to which the notice of default should have been sent. She contends that the fact that the foreclosure complaint listed her personal address was evidence that she had supplied the holder with a new address for sending the notice of default.

{¶ 16} The trial court specifically found that Mayo had not given the holder her personal address for purposes of sending the notices as required by paragraph 15 of mortgage. Because Mayo did not file a transcript of the trial, we cannot review this factual finding. *Rose Chevrolet*, 36 Ohio St.3d at 19, 520 N.E.2d 564. Nonetheless, we note that the use of Mayo's residential address for purposes of filing the foreclosure action is not evidence the holder was notified of Mayo's personal address for purposes of

7.

sending notices as required by the note and mortgage. Mayo's second assignment of error is found not well-taken.

{¶ 17} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

James D. Jensen, J. _____

_____

Christine E. Mayle, P.J. _____ JUDGE
CONCUR.

_____
JUDGE

8.