[Cite as *U.S. Bank N.A. v. Clarke*, 2024-Ohio-278.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE NRZ PASS-THROUGH TRUST VIII | : | C.A. No. 2023-CA-29 |
| | : | |
| Appellees | : | Trial Court Case No. 2021 CV 0161 |
| | : | |
| v. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| ELIZABETH M. CLARKE, AKA MARION E. CLARKE, AKA M. ELIZABETH CLARKE, ET AL. | : | |
| | : | |
| Appellant | | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 26, 2024

. . . . . . . . . .

TIMOTHY J. COOK, BRIAN A. BROWN, & SEAN M. KOHL, Attorneys for Appellants

MATTHEW J. RICHARDSON, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Elizabeth M. Clarke appeals from the April 23, 2023 judgment of the Greene County Court of Common Pleas overruling her motion for summary judgment and granting the motion for summary judgment of Plaintiff-Appellee

U.S. Bank National Association, not in its individual capacity but solely as trustee for the NRZ Pass-Through Trust VIII ("U.S. Bank"). For the reasons that follow, we will reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

I. Facts and Course of Proceedings

{¶ 2} In August 1977, Clarke and her husband acquired title to 1161 Sugarhill Lane in Xenia via warranty deed. Clarke's husband died on October 3, 1992. The Greene County Probate Court issued a certificate of transfer of her husband's undivided one-half interest in the property to Clarke in August 1995.

{¶ 3} On October 26, 2004, Clarke executed a note in the principal amount of $222,000 with Wilmington Finance, a division of AIG Federal Savings Bank. The note contained an allonge, which endorsed the note to Popular Financial Services, L.L.C. There also was a blank endorsement on the note from Popular Financial Services, L.L.C. Clarke also executed a mortgage on October 26, 2004, which granted Wilmington Finance a security interest in the property. On November 1, 2004, the mortgage was assigned to Mortgage Electronic Registration Systems, Inc., which then assigned the mortgage to Bank of New York Mellon, f/k/a The Bank of New York ("BONY") on March 13, 2009.

{¶ 4} On November 6, 2014, a notice of default letter was sent to Clarke due to her failure to make timely payments under the note and mortgage. On June 12, 2015, BONY filed a complaint for foreclosure against Clarke in the Greene County Common Pleas

Court (Case No. 2015-CV-405). After Clarke filed her answer, the parties participated in mediation and filed respective motions for summary judgment. With leave of court, BONY filed an amended complaint. The parties conducted discovery and filed additional pleadings and motions. Following additional mediation, the parties appeared to settle their dispute by entering into a settlement agreement. On December 1, 2017, the trial court issued a judgment entry stating that the case would be dismissed on January 5, 2018, pursuant to a settlement agreement if the parties did not submit a dismissal entry before that date.

{¶ 5} BONY and Clarke subsequently filed two agreed motions for an extension of time in which to file the dismissal entry contemplated by the trial court's December 1, 2017 entry. But the parties did not file the dismissal entry. Instead, on March 2, 2018, BONY filed a motion to enforce the settlement agreement or to return the matter to the active trial docket. On July 9, 2018, the magistrate issued a decision resolving BONY's motion. The magistrate noted that the parties had entered into an agreement in principle around November 21, 2017, that provided for the following: Clarke would pay $75,000 to fully satisfy the loan obligation; BONY would release its mortgage; BONY would pay all costs of the action; Clarke would fully cooperate in the execution of documents; and the parties would dismiss their pending claims with prejudice. A dispute had arisen between the parties regarding potential tax liability resulting from debt forgiveness, but the magistrate found that this dispute did not involve an essential term of the settlement agreement and granted BONY's motion to enforce the settlement agreement. Clarke filed objections to the magistrate's decision.

{¶ 6} On October 8, 2018, the trial court overruled the objections and ordered the parties to submit a dismissal entry within 14 days of the decision. On November 26, 2018, the trial court issued a judgment entry that stated, in part: "The Court, having adopted the Magistrate's Decision * * * and further holding that the parties' previously submitted settlement agreement is valid and enforceable, the Court hereby orders the parties to finalize and carry out all remaining terms of the settlement agreement. This matter is dismissed without prejudice. The Court shall retain jurisdiction to enforce the settlement agreement in this matter."

{¶ 7} On January 25, 2019, a motion was filed to clarify the trial court's October 8, 2018 order. On April 12, 2019, Clarke filed a response to the motion in which she stated "that she is unable to obtain the $75,000 payment amount required of her in the Settlement agreement and is therefore unwilling to proceed with any stipulated Settlement at this time." On June 17, 2019, BONY filed a motion to reactivate the case in which it asked the trial court to vacate the dismissal entered on November 26, 2018. According to BONY, "[b]ecause the settlement agreement is now rescinded, Plaintiff wishes to proceed with its claims for foreclosure of the property." On July 30, 2019, the trial court issued an entry and order setting aside the November 26, 2018 dismissal entry and reactivating the case. On March 31, 2020, BONY dismissed the case without prejudice pursuant to Civ.R. 41(A)(1)(b).

{¶ 8} On July 1, 2020, BONY assigned the mortgage to U.S. Bank. On February 23, 2021, U.S. Bank assigned the mortgage to U.S. Bank National Association, not in its individual capacity but solely as Owner Trustee of New Residential Mortgage Loan Trust

2020-NPL2.

{¶ 9} On April 1, 2021, U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee of New Residential Mortgage Loan Trust 2020-NPL2, filed a complaint for foreclosure against Clarke in the Greene County Court of Common Pleas (Case No. 2021-CV-161). After receiving leave of court, it then filed an amended complaint. On February 7, 2023 U.S. Bank National Association, not in its individual capacity but solely as Owner Trustee of New Residential Mortgage Loan Trust 2020-NPL2, transferred the mortgage back to U.S. Bank. On March 1, 2023, the trial court substituted U.S. Bank as the plaintiff in the foreclosure action against Clarke.

{¶ 10} On March 8, 2023, Clarke filed a motion to enforce the settlement agreement and for summary judgment. According to Clarke, the trial court's October 8, 2018 order in the first foreclosure case filed by BONY had been a final, appealable order from which no party appealed and which the trial court had never vacated. Therefore, in Clarke's view, both parties were required to comply with that order and perform under the settlement agreement. Clarke stated she was prepared at that time to make the payment contemplated by the settlement agreement and that the trial court should enforce that agreement.

{¶ 11} On March 8, 2023, U.S. Bank also filed a motion for summary judgment requesting a decree of foreclosure as to the entire fee simple interest in the property subject to the note and mortgage. Attached to U.S. Bank's motion was the affidavit of Janet Gioello, who authenticated copies of the note, mortgage, assignments of the mortgage, the demand letter sent on behalf of BONY, and Clarke's payment history.

{¶ 12} On April 26, 2023, the trial court overruled Clarke's motion and granted U.S. Bank's motion for summary judgment. Clarke filed a timely notice of appeal.

II. U.S. Bank Failed to Satisfy All Conditions Precedent

{¶ 13} For purposes of clarity and convenience, we will address Clarke's third assignment of error first. Clarke's third assignment of error states:

> The Trial Court erred in holding that U.S. Bank is entitled to foreclosure when it failed to perform the conditions precedent.

{¶ 14} "We review decisions granting summary judgment de novo, which means that we apply the same standards as the trial court." (Citations omitted.) *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, 873 N.E.2d 345, ¶ 16 (2d Dist.). Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party

fails to meet this burden. *Id.*

{¶ 15} " 'To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.' " (Citations omitted.) *JP Morgan Chase Bank, N.A. v. Massey*, 2d Dist. Montgomery No. 25459, 2013-Ohio-5620, ¶ 20.

{¶ 16} The trial court found that U.S. Bank was a party entitled to enforce the note, the assignments and transfers of the mortgage to U.S. Bank were established by the evidence, Clarke defaulted on the loan, and the affidavit submitted with U.S. Bank's motion for summary judgment established that all conditions precedent had been met. Clarke disagrees with the trial court's findings. In particular, Clarke contends that U.S. Bank failed to send her "a notice of default and acceleration before filing its foreclosure action, has not satisfied the conditions precedent under the Mortgage Loan, and is not entitled to foreclosure." Appellant's Brief, p. 17. According to Clarke, "[w]hen a mortgage loan requires a notice of acceleration or default be sent to the mortgagee and 'a mortgagee issues a notice of default, commences a foreclosure action and then dismisses the action, the mortgagee (or its successor in interest) must send a new notice of default if it wishes to commence a second action against the mortgagor.' " *Id.* at 18, quoting *U.S. Home Ownership, LLC v. Young*, 2018-Ohio-1059, 109 N.E.3d 681, ¶ 16 (2d Dist.). Clarke points out that "[a]fter U.S. Bank's predecessor, BONY, dismissed the

Original Lawsuit, U.S. Bank was required to send a new notice of default and acceleration to Ms. Clarke to satisfy the conditions precedent under the Mortgage Loan." *Id.* at 19. Therefore, U.S. Bank failed to perform a condition precedent. *Id.* at 20.

{¶ 17} U.S. Bank responds that Clarke's argument is based solely on dicta from the *Young* decision and that this decision has been cited only once since it was decided five years ago. U.S. Bank contends that "it would not be prudent to require new default letters to be sent before re-filing a foreclosure action. Doing so would confuse borrowers whose loans had already been accelerated by telling them that their loan could be accelerated anew." Appellee's Brief, p. 19.

{¶ 18} We agree with Clarke that our decision in *Young* is controlling in this case. In *Young*, CSH Fund IV, LLC commenced a foreclosure action against Young on October 1, 2012. The case was dismissed pursuant to Civ.R. 41(A) on September 10, 2013. Subsequently, CSH Fund IV, LLC transferred the mortgage and note to Capital Income and Growth Fund, LLC, which then transferred the mortgage and note to U.S. Home Ownership, LLC ("USHO"). *Young* at ¶ 3. USHO filed its own complaint in foreclosure against Young on May 28, 2015. On USHO's motion, the trial court granted summary judgment in its favor. On appeal, Young raised three assignments of error, including one challenging the trial court's finding that USHO had satisfied all conditions precedent. According to Young, the notice of default at issue was issued on behalf of one of USHO's predecessors in anticipation of a previous foreclosure action that had since been dismissed, effectively nullifying the notice of default. *Id.* at ¶ 15.

{¶ 19} In sustaining Young's assignment of error, we highlighted that the notice of

default had been provided by one of USHO's predecessors in interest, the mortgage required that the lender give notice to the borrower prior to acceleration, and the note provided that the note holder may send the borrower a written notice of default. Based on the record before us, we held that:

On its face, then, the notice of April 4, 2012 does not satisfy the conditions precedent to USHO's right to initiate a foreclosure action because Paragraph 22 of the Mortgage requires that notice of default be sent by the "[l]ender," and Subparagraph 7(C) of the Note requires that notice of default be sent by the "[n]ote [h]older." * * * At the time USHO filed its complaint against Young, CSH Fund IV, LLC was no longer the mortgagee or the holder of the Note, meaning that USHO did not, itself or through an agent, fulfill the notice requirements set forth in the Mortgage and the Note by way of the notice sent to Young on April 4, 2012. * * *

Moreover, we are persuaded by case law suggesting that when a mortgagee issues a notice of default, commences a foreclosure action and then dismisses the action, the mortgagee (or its successor in interest) must send a new notice of default if it wishes to commence a second action against the mortgagor. * * * This requirement seems all the more justified in cases like the instant matter, where the Mortgage and the Note were transferred twice after CSH Fund IV, LLC dismissed its foreclosure action against Young, and the intervening party in interest, Capital Income and Growth Fund, LLC, chose not to initiate a foreclosure action of its own.

*Id.* at ¶ 15-16.

**{¶ 20}** Although the *Young* decision appears squarely on point with the facts of the present case, the trial court found that the *Young* decision did not apply.  According to the trial court:

> In *Young*, CSH Fund IV, LLC, a prior party in interest instituted a foreclosure action on October 1, 2012 that was ultimately dismissed pursuant to Civ.R. 41(A) on September 10, 2013.  U.S. Home Ownership, LLC's subsequent foreclosure action was filed on May 28, 2015, more than 20 months after the first case had been dismissed.  Thus, R.C. 2305.19 – Ohio's savings statute – plainly did not apply.  As noted above, this case was dismissed by stipulation without prejudice as to refiling on March 31, 2020 and refiled on April 1, 2021; thus, it was refiled within the time limitation of the savings statute.  Therefore, the Court finds *Young, supra* is distinguishable from the case herein.

Decision, p. 8.

**{¶ 21}** The sole basis on which the trial court distinguished *Young* was the application of Ohio's savings statute to the facts of the present case.  Ohio's savings statute, R.C. 2309.19(A), provides, in relevant part:

> In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within

the period of the original applicable statute of limitations, whichever occurs later.

**{¶ 22}** As U.S. Bank concedes on page 19 of its appellate brief, the trial court was incorrect when it found that the savings statute applied to the facts of this case. The prior foreclosure action was dismissed by stipulation on March 31, 2020. In order to take advantage of the savings statute, the second foreclosure action needed to be filed on or before March 31, 2021, unless that date fell on a weekend or holiday. Civ.R. 6(A); R.C. 1.14. March 31, 2021 fell on a Wednesday and not a holiday. Because the second foreclosure action was not filed until April 1, 2021, the savings statute did not apply. Further, even if the second foreclosure action had been filed one day earlier, U.S. Bank likely would not have been able to use the savings statute, because it was not the plaintiff in the prior action. *Cook v. Probuild Holdings, Inc.*, 2014-Ohio-3518, 17 N.E.3d 1210, ¶ 36-38 (10th Dist.) (holding that for purposes of the savings statute, the assignee of a claim was not the same party as the original plaintiff), citing *Natl. Fire Ins. Co. v. Joslyn Mfg. Co.*, 25 Ohio App.2d 13, 265 N.E.2d 791 (9th Dist.1971), and *Children's Hosp. v. Ohio Dept. of Welfare*, 69 Ohio St.2d 523, 433 N.E.2d 187 (1982), paragraph one of the syllabus.

**{¶ 23}** Our decision in *Young* is controlling precedent that is on point with the facts of this case. The October 2004 note signed by Clarke provided, in part:

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder

may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

{¶ 24} Further, section 22 of the Mortgage provided that the "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument[.] * * * If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding."

{¶ 25} Just like in *Young,* the mortgage signed by Clarke required the "lender" to issue a notice of default as a condition precedent to commencing a foreclosure action and the note provided that the note holder would send a notice of default to Clarke. U.S. Bank is the "lender" and "Note Holder" for purposes of this foreclosure action. As such, U.S. Bank was required to issue a notice of default before it could proceed in its foreclosure action. *Young,* 2018-Ohio-1059, 109 N.E.3d 681, at ¶ 15-16. It is undisputed that U.S. Bank failed to issue a notice of default to Clarke. Therefore, on the record before us, we must conclude that the trial court erred in granting summary judgment to U.S. Bank.

{¶ 26} The third assignment of error is sustained.

III.    The Record Does Not Establish that the Trial Court Erred in Denying Clarke's

Motion to Enforce the Settlement Agreement

**{¶ 27}** We will address Clarke's first two assignments of error together, because they are interrelated. They state:

The Trial Court erred in holding that U.S. Bank is entitled [to] foreclosure when the Order enforcing the settlement agreement was never vacated.

The Trial Court erred in holding that U.S. Bank's claims are not barred by res judicata.

**{¶ 28}** In her first assignment of error, Clarke contends that the parties "are still bound by a settlement agreement and Final Appealable Order which bar U.S. Bank's claims." Appellant's Brief, p. 10. According to Clarke, "[o]n October 5, 2018, the Court in the Original Lawsuit entered a Final Appealable Order upholding the parties' Settlement Agreement under its original terms, and ordered the parties to submit a dismissal entry." *Id.* Since the trial court never vacated that order and U.S. Bank and its predecessor never filed a motion for relief from that judgment, a motion to rescind the agreement, or an appeal from that judgment, Clarke argues that the settlement agreement must be enforced as written.

**{¶ 29}** U.S. Bank responds that "the mere fact that a judgment declaring a settlement agreement enforceable and anticipating a dismissal entry is final and appealable does not deny an Ohio trial court jurisdiction to vacate a settlement and dismiss the case." Appellee's Brief, p. 11, citing *Connolly v. Studer*, 7th Dist. Carroll No. 07 CA 846, 2008-Ohio-1526, ¶ 16. According to U.S. Bank, "when the trial court set aside

the November 26, 2018 order upon the motion of U.S. Bank's predecessor, and rescinded the settlement agreement because Clarke had refused to perform under it, it was within its authority to do so." *Id.* at 12. "In vacating the dismissal entry of November 26, 2018, [the trial court] necessarily vacated the October 8, 2018 Decision and Judgment Entry that anticipated a later dismissal entry on the basis [of] a settlement agreement that no longer existed." *Id.*

{¶ 30} In her second assignment of error, Clarke contends there was a final adjudication on the merits determining that the settlement agreement between BONY and Clarke was binding and establishing the terms of that agreement. Appellant's Brief, p. 16. "Further, both the Final Appealable Order and Settlement Agreement also included a dismissal of the original foreclosure action." *Id.* Consequently, Clarke contends that U.S. Bank's "claims have already been decided by multiple final adjudications on the merits and are barred by res judicata." *Id.* at 17.

{¶ 31} U.S. Bank responds that there was no final judgment sufficient for res judicata purposes to bar U.S. Bank's foreclosure complaint because the trial court in the 2015 foreclosure action rescinded the settlement agreement and reactivated the underlying foreclosure case after Clarke made it clear that she could not or would not perform under the settlement agreement. Appellee's Brief, p. 9. According to U.S. Bank, "if res judicata bars anything, it bars Clarke's false claim that the settlement agreement remains in full force and effect because Clark has never challenged the trial court's judgment in the 2015 foreclosure action rescinding the settlement agreement." *Id.* Further, U.S. Bank contends that Clark is judicially estopped from claiming that the

settlement agreement remains in full force and effect, because she "expressly represented to [the trial court] that she could not, or would not, perform under a fully enforceable settlement agreement between herself and U.S. Bank's predecessor." *Id.* at 16.

{¶ 32} "A settlement agreement is a contract designed to terminate a claim by preventing or ending litigation." *Zele v. Ohio Bell Telephone Co.*, 2023-Ohio-2875, 223 N.E.3d 572, ¶ 33 (8th Dist.), citing *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996). "Like any other contract, it requires an offer, acceptance, consideration and mutual assent between two or more parties with the legal capacity to act." *Id.* " 'Once a settlement offer has been accepted, the settlement agreement is mutually binding; the settlement agreement cannot be set aside simply because one of the parties later changes its mind.' " (Citation omitted.) *Id.* at ¶ 35.

{¶ 33} "In order to effect a rescission of a binding settlement agreement entered into in the presence of the court, a party must file a motion to set the agreement aside; and, in the absence of such motion, a trial court may properly sign a journal entry reflecting the settlement agreement." *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 26, 285 N.E.2d 335 (1972), paragraph two of the syllabus. A trial court may set aside or rescind a settlement agreement where there is a material breach of the contract that "substantially defeats the purpose of that contract." *Ohio Comp. Servs. Co. v. Smith*, 6th Dist. Lucas No. L-90-104, 1991 WL 77494, *2-3 (May 10, 1991).

{¶ 34} Our review of Clarke's second and third assignments of error is hampered

somewhat by the parties' failure to include in our record all the filings from the first foreclosure case (Case No. 2015-CV-405). Instead, the parties only submitted a few of the filings from the first foreclosure case. These few filings were attached to the summary judgment briefing in the second foreclosure case. For example, attached to Clarke's motion were purported copies of the docket entries from the first foreclosure case and the July 9, 2018 Magistrate's Decision. U.S. Bank opposed the motion, attaching authenticated copies of the following documents from the first foreclosure case (Case No. 2015-CV-405): BONY's March 2, 2018 motion to enforce the settlement agreement or return the matter to the active trial docket, the trial court's October 8, 2018 decision and judgment entry, the November 26, 2018 dismissal entry, the April 2, 2019 filing by Clarke that informed the trial court that she refused to perform under the settlement agreement, a June 17, 2019 motion to reactivate the case, the July 30, 2019 order setting aside the November 26, 2018 dismissal entry, and the March 20, 2020 stipulation of dismissal.

{¶ 35} Although these docket entries were helpful in giving us a better picture of the procedural posture and timing of filings from the first foreclosure case, they cannot replace the opportunity to review all the actual filings from that first foreclosure case. *See, e.g., Davis v. Dungeons of Delhi*, 2019-Ohio-1457, 135 N.E.3d 469, ¶ 24 (1st Dist.) ("The record did not include any of the evidence from the prior case. Therefore, any finding by the court as to this issue was unsupported by any evidence in the record.").

{¶ 36} Based on the record before us, we cannot conclude that the trial court erred in overruling Clarke's motion to enforce the settlement agreement. In December 2017, the trial court was prepared to dismiss the first foreclosure case after the parties alerted

the court that they had entered into a settlement agreement. The court then gave the parties time to file a dismissal entry. But the parties disputed the terms of the settlement agreement and did not submit a dismissal entry. Ultimately, the trial court found that the settlement agreement was valid and should be enforced. While a motion to clarify the trial court's order was pending, Clarke alerted the trial court that she did not have the money to satisfy her obligations under the settlement agreement. As a result, and at BONY's request, the trial court placed the case back on the active trial docket. In short, the settlement agreement was rescinded. The first foreclosure case subsequently was voluntarily dismissed without prejudice by BONY.

{¶ 37} Once the trial court rescinded the settlement agreement in the first foreclosure case and returned the case to the active trial docket, there remained no settlement agreement to enforce. Further, there was no final order in the first foreclosure case that precluded BONY, or now U.S. Bank, from filing a second foreclosure action against Clarke due to her failure to perform her obligations under the note and mortgage. Therefore, the trial court did not err in overruling Clarke's motion to enforce and rejecting her argument that res judicata applied.

{¶ 38} The first and second assignments of error are overruled.

IV.    The Record Does Not Establish that U.S. Bank's Claims Are Barred by the Applicable Statute of Limitations

{¶ 39} Clarke's fourth assignment of error states:

    The Trial Court erred in holding that U.S. Bank is entitled to

foreclosure when it failed to refile the foreclosure action within the time allowed by the Ohio Savings Statute.

**{¶ 40}** Clarke contends that U.S. Bank failed to file the present lawsuit within the time allowed by R.C. 2305.19(A), and therefore its claims are barred. Appellant's Brief, p. 20. According to Clarke, the statute of limitations for actions brought to collect on a promissory note and for foreclosure on a mortgage is six years from the date of acceleration. *Id.* at p. 21, citing R.C. 2305.06 and R.C. 1303.16. Since U.S. Bank and its predecessor in interest only sent one notice of acceleration and default on November 6, 2014, Clarke argues that the statute of limitations for filing a complaint for breach and foreclosure on the mortgage loan expired on November 6, 2020. Further, Clarke argues that U.S. Bank failed to file the present lawsuit within the one-year time-limit referenced in Ohio's savings statute. *Id.* at 22.

**{¶ 41}** U.S. Bank responds that "while Clarke is correct that the Ohio Savings Statute does not apply to benefit U.S. Bank in the action below, she is wrong that U.S. Bank filed the action below beyond the six-year statute of limitations." Appellee's Brief, p. 19. "Instead, the earliest Clarke's loan could have been accelerated was on the day that the 2015 foreclosure action was filed—June 2, 2015. Obviously, U.S. Bank filed the action below less than six years afterward." *Id.*

**{¶ 42}** R.C. 1303.16 governs the statute of limitations applicable to foreclosure actions. *Mohammad v. Awadallah*, 8th Dist. Cuyahoga No. 97590, 2012-Ohio-3455, ¶ 18. According to R.C. 1303.16(A), "[e]xcept as provided in division (E) of this section, an action to enforce the obligation of a party to pay a note payable at a definite time shall be

brought within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." " '[A]cceleration generally requires a separate act, aside from a mere failure to meet a due date, especially when there is language in the note that the lender may give notice of acceleration due to non-payment.' " (Citations omitted.) *Bank of New York Mellon v. Walker*, 2017-Ohio-535, 78 N.E.3d 930, ¶ 10 (8th Dist.), quoting *Bank of New York Mellon v. DePizzo*, 2015-Ohio-4026, 42 N.E.3d 1218, ¶ 18 (11th Dist.). "Therefore, some affirmative action on the part of the lender is required to demonstrate an acceleration. The filing of a foreclosure action is such an affirmative action because acceleration is required as a condition precedent to a foreclosure filing." (Citations omitted.) *Id.* at ¶ 11.

**{¶ 43}** "Statute of limitations is an affirmative defense." *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 101598, 2015-Ohio-769, ¶ 9, citing Civ.R. 8(C). Clarke, therefore, bore the burden in her motion for summary judgment of demonstrating the accelerated due date of her mortgage loan. *Id.* The date of acceleration often is presumed to be the date the mortgagee files the foreclosure complaint unless there is evidence in the record establishing that the acceleration occurred before that date. *Walker* at ¶ 11.

**{¶ 44}** On November 6, 2014, Ocwen Loan Servicing, LLC, on behalf of BONY, sent a notice of default letter to Clarke. The letter noted a total amount due of $4,706.06 and provided, in part:

> Failure to bring your account current may result in our election to exercise our right to foreclose on your property. Upon acceleration, your

total obligation will be immediately due and payable without further demand.

\* \* \* After acceleration of the debt, but prior to foreclosure, you may have the right to reinstate the mortgage loan, depending on the terms of the note and mortgage.

**{¶ 45}** The notice of default letter sent on behalf of BONY did not state that BONY was accelerating the due date. Rather, it stated that BONY may elect to foreclose. Further, the note and the mortgage did not provide for automatic acceleration of the due date. The first foreclosure action was filed by BONY on June 12, 2015. Clarke did not submit any evidence that the due date was accelerated prior to the date BONY filed the first foreclosure action against her. Absent any evidence in the record that the due date was accelerated before BONY filed the action, we must conclude that the six-year statute of limitations began running on June 12, 2015. Since U.S Bank filed the current foreclosure action on April 1, 2021, less than six years after the filing of the original foreclosure action, U.S. Bank's claims are not barred by the applicable statute of limitations.

**{¶ 46}** The fourth assignment of error is overruled.

V. The Fifth Assignment of Error Is Moot

**{¶ 47}** Clarke's fifth assignment of error states:

The Trial Court erred in holding that U.S. Bank is entitled to equitable foreclosure when it failed to consider the equities of the case.

**{¶ 48}** Clarke contends that "[w]hen a court fails to consider the equities in a

foreclosure action it commits reversible error." Appellant's Brief, p. 23, citing *Willas at E. Pointe Condominium Assn. v. Strawser*, 2019-Ohio-3554, 142 N.E.3d 1200, ¶ 18 (10th Dist.). According to Clarke, the trial court failed to evaluate the following important equitable matters: (1) Clarke submitted proof of funds and agreed to pay the settlement amount; (2) Clarke is a 76-year old stroke victim who had issues managing her finances and making decisions during the first foreclosure lawsuit; and (3) the second foreclosure action "was unnecessary, improperly brought, and could have been resolved far [earlier] but for U.S. Bank's imprudent business decisions." *Id.* U.S. Bank responds that "there is no indication that the trial court failed to consider the equities regarding U.S. Bank's prayed for remedy of foreclosure, nor do the equities favor her in the slightest." Appellee's Brief, p. 20.

{¶ 49} Based on our disposition of the third assignment of error above, the trial court's summary judgment in favor of U.S. Bank will be reversed. Therefore, we need not address Clarke's alternate basis for reversal presented in this assignment of error. App.R. 12(A)(1)(c). The fifth assignment of error is overruled as moot.


VI.    Conclusion

{¶ 50} Having sustained the third assignment of error, we will reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

. . . . . . . . . . . . .


WELBAUM, J. and HUFFMAN, J., concur.