[Cite as *U.S. Bank Natl. Assn. v. Tye*, 2024-Ohio-2922.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for RMAC Trust, Series 2016-CTT, | : | APPEAL NO.   C-230682 |
| | | TRIAL NO.       A-1805683 |
| | : | |
| Plaintiff-Appellee, | : | *O P I N I O N.* |
| vs. | : | |
| KENNETH E. TYE, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| JANE DOE NAME UNKNOWN, THE UNKNOWN SPOUSE OF KENNETH E. TYE (IF ANY), et al., | : | |
| | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 2, 2024

*Thompson Hine LLP, Brianna D. Vollman*, and *Jessica E. Salisbury-Copper*, for Plaintiff-Appellee,

*DannLaw*, *Andrew M. Engel*, *Marc E. Dann*, *Brian D. Flick*, and *Whitney E. Kaster*, for Defendant-Appellant.

**CROUSE, Judge.**

**{¶1}** Defendant-appellant Kenneth Tye appeals from the trial court's decision granting summary judgment in favor of U.S. Bank, National Association, as trustee for the RMAC Trust, Series 2016-CTT, ("U.S. Bank") in its foreclosure action. Because we hold that U.S. Bank failed to satisfy one of the conditions precedent to bringing this foreclosure action against Tye, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

## I. Factual and Procedural History

**{¶2}** In February 2020, U.S. Bank filed an amended complaint asserting claims against Tye for the balance due on a promissory note and to foreclose the mortgage on Tye's real property (the "subject property"). U.S. Bank also sought a declaratory judgment against a predecessor-in-interest, Taylor, Bean & Whitaker Mortgage Corp. ("TBW"). U.S. Bank sought a declaration that TBW had transferred its interest in the mortgage to U.S. Bank and no longer held any interest in the subject property. In March 2020, Tye filed an answer and crossclaim against TBW seeking a declaration that TBW alone is entitled to enforce the note and mortgage.

**{¶3}** In September 2020, the trial court granted a default judgment against TBW, holding that TBW is forever barred from asserting any interest in the subject property.

**{¶4}** In June 2021, U.S. Bank filed a motion for summary judgment. Tye opposed the motion. A magistrate granted summary judgment to U.S. Bank, and Tye filed objections. The trial court adopted the magistrate's decision without ruling on the objections. Further, although the court clearly entered judgment in favor of U.S. Bank, the trial court's entry failed to set forth any details in the decree in foreclosure. When

Tye attempted to appeal, we held that the trial court had failed to enter a final order, and accordingly we lacked jurisdiction. *See U.S. Bank Natl. Assn. v. Tye*, 1st Dist. Hamilton No. C-220071, 2023-Ohio-637.

{¶5}    On remand, U.S Bank filed a motion asking the court to amend its prior entry and decree in foreclosure and properly reflect the elements required for the decree in foreclosure to be a final order. The trial court entered an amended entry and decree in foreclosure reflecting summary judgment in favor of U.S. Bank. This appeal timely followed.

## II. Analysis

{¶6}    Tye raises three assignments of error for our consideration. Because Tye's third assignment of error is dispositive, we consider it before we address his second assignment of error. We must nonetheless consider Tye's first assignment of error because it pertains to this court's jurisdiction over the appeal.

### A. Final Appealable Order

{¶7}    In his first assignment of error, Tye argues that the trial court's decree in foreclosure is still not a final order because it does not address all interests in the property. Rather, according to Tye, the trial court has not adjudicated the interest of TBW.

{¶8}    "[F]or a judgment decree in foreclosure to constitute a final order, it must address the rights of all lienholders and the responsibilities of the mortgagor." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 20. The rights and responsibilities of all parties must be set forth, leaving nothing for the trial court but "to perform the ministerial task of calculating the final amounts that would arise during confirmation proceedings." *Id.*

3

**{¶9}** Tye argues that the trial court's judgment decree fails to address the rights of TBW. However, the trial court previously entered a default judgment in U.S. Bank's claim against TBW. The court's order granting a default judgment to U.S. Bank stated that TBW is "forever barred from asserting any right, title or interest in and to the [subject] property." Accordingly, TBW is not a lienholder and does not have any other interest in the property to adjudicate.

**{¶10}** Because TBW is not a lienholder and does not have any other interest in the property, the trial court's foreclosure decree is not deficient as a final order for failure to address TBW's rights and responsibilities. We hold that the trial court has entered a final, appealable order in this case, and therefore we have jurisdiction to consider the remainder of Tye's appeal. We overrule Tye's first assignment of error.

### B. Summary Judgment

**{¶11}** In his third assignment of error, Tye argues that the trial court erred in granting summary judgment in favor of U.S. Bank. Tye presents four issues for our review: (1) whether U.S. Bank established that notice of default was sent to him; (2) whether U.S. Bank can rely on a notice of default sent by a prior servicer of the loan; (3) whether U.S. Bank had standing to seek enforcement of the mortgage; and (4) whether exhibits attached to an affidavit used by U.S. Bank to support its summary-judgment motion are admissible. We address Tye's third issue presented because it relates to U.S. Bank's standing to sue. We also address his second issue presented because it is dispositive of the cause. We do not address the remaining issues because they are moot.

**{¶12}** This court reviews de novo the trial court's decision on summary judgment. *U.S. Bank, Natl. Assn. v. Higbee Lancoms, LP*, 1st Dist. Hamilton No.

4

C-200247, 2021-Ohio-1799, ¶ 18. "Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that '(1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.' " *Id.* at ¶ 19, quoting *Holloman v. Permanent Gen. Assur. Corp.*, 1st Dist. Hamilton No. C-180692, 2019-Ohio-5077, ¶ 7.

{¶13} "To prevail on a motion for summary judgment in a foreclosure action, the plaintiff must prove: (1) it is the holder of the note and the mortgage, or is a party entitled to enforce them; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *Trinity Fin. Servs., LLC v. Unknown Heirs*, 2d Dist. Montgomery No. 30066, 2024-Ohio-2377, ¶ 38. Where, as here, prior notice of default is required by the note or mortgage instrument, proper notice to the mortgagor is a condition precedent. *Id.* at ¶ 57.

### 1. Standing to Enforce the Mortgage

{¶14} Because Tye's third issue presented challenges U.S. Bank's standing to enforce the mortgage, we address it first. Tye argues that U.S. Bank lacked standing to seek foreclosure under the mortgage because U.S. Bank never received a valid assignment of the mortgage and the court never found that U.S. Bank had received an equitable assignment of the mortgage.

{¶15} When Tye originally executed the note in 2007, he granted a mortgage interest in the subject property to Mortgage Electronic Registration Systems, Inc.,

5

("MERS"), as nominee for TBW. In 2009, MERS assigned the mortgage to TBW. Prior to the commencement of the present action, MERS recorded a "Corrective Assignment of Mortgage," stating that the mortgage should have been assigned to U.S. Bank (the "Corrective Assignment").

{¶16} Tye challenges the validity of the "Corrective Assignment" and thereby argues that U.S. Bank has not shown that it is the record holder of the mortgage. Accordingly, Tye argues that U.S. Bank is not entitled to enforce the mortgage against his property.

{¶17} Ohio law is clear that the holder of a note indorsed in blank is entitled to enforce the mortgage. "When a note is indorsed in blank, defenses relating to the chain of title are null and inapplicable, because it is immaterial how the person became the holder of the note." *HSBC Bank USA v. Brinson*, 2023-Ohio-1462, 214 N.E.3d 85, ¶ 18 (9th Dist.). "The holder of the blankly indorsed note is automatically vested with the rights to enforce the mortgage, as 'a transfer of the note by the owner, so as to vest legal title in the indorsee, will carry with it equitable ownership of the mortgage.' " *Id.*, quoting *Kernohan v. Manss*, 53 Ohio St. 118, 133, 41 N.E. 258 (1895). The physical transfer of the note indorsed in blank, secured by a mortgage, "constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 65.

{¶18} Because U.S. Bank has shown that it is the holder of the note, indorsed in blank, thereby receiving an equitable assignment of the mortgage, it has satisfied the requirement to show the transfer of the mortgage and need not prove the entire chain of assignments. Accordingly, U.S. Bank has standing to enforce the mortgage

against the subject property.

## 2. Notice of Default

{¶19} We next consider Tye's second issue presented because it is dispositive of the case. Tye argues that U.S. Bank did not, itself, send him notice of default, nor did it send the notice of default through its own mortgage servicer, Rushmore Loan Management Services LLC ("Rushmore"). Instead, a notice of default was sent by a previous mortgagee, Nationstar Mortgage LLC ("Nationstar"). Tye argues that U.S. Bank cannot rely on the notice sent by a prior mortgagee and must send its own notice of default before it initiates foreclosure proceedings. U.S. Bank acknowledges that it did not send its own notice of default before initiating this foreclosure proceeding. It argues that the benefit of Nationstar's notice of default should inure to U.S. Bank when the loan was transferred to it.

{¶20} The parties agree that a "proper notice of default is a condition precedent to the lender's right to accelerate and foreclose." *United States Bank Natl. Assn. v. Weber*, 10th Dist. Franklin No. 12AP-107, 2012-Ohio-6024, ¶ 12. Thus, we must determine whether the notice sent by Nationstar satisfied the proper-notice-of-default condition precedent to U.S. Bank's foreclosure action.

{¶21} Tye argues that two cases from the Second District determine the outcome of this case: *U.S. Home Ownership, LLC v. Young*, 2018-Ohio-1059, 109 N.E.3d 681 (2d Dist.), and *U.S. Bank Natl. Assn. v. Clarke*, 2024-Ohio-278, 234 N.E.3d 1156 (2d Dist.). In both cases, a predecessor-in-interest of the plaintiff bank had sent a notice of default to the borrower, and then the predecessor filed its own foreclosure action against the defendant borrower. *Young* at ¶ 3; *Clarke* at ¶ 4. The predecessor subsequently dismissed the action, and eventually the mortgage was

7

transferred to the plaintiff. *Young* at ¶ 3; *Clarke* at ¶ 7-8. The plaintiff then brought its own foreclosure suit and attempted to rely on the previously-sent notice of default. *Young* at ¶ 15; *Clarke* at ¶ 11, 25. In *Young*, the Second District found that other courts had persuasively held that "when a mortgagee issues a notice of default, commences a foreclosure action and then dismisses the action, the mortgagee (or its successor in interest) must send a new notice of default if it wishes to commence a second action against the mortgagor." *Young* at ¶ 16. The Second District reaffirmed this conclusion in *Clarke*. *Clarke* at ¶ 23-25.

{¶22} The facts of this case are the same: Nationstar sent the notice of default upon which U.S. Bank now relies. Nationstar filed its own foreclosure case in the court of common pleas in the case numbered A-1600658. Following the magistrate's decision in that case that Nationstar had failed to prove its standing to pursue the foreclosure action against Tye, Nationstar filed a notice of voluntary dismissal under Civ.R. 41(A). U.S. Bank filed its own foreclosure action against Tye after Nationstar voluntarily dismissed its action against him.

{¶23} As it did in *Clarke*, *id*. at ¶ 17, U.S. Bank argues that the Second District's analysis in *Young* is mere dictum and should be disregarded. Although the *Young* court's analysis on this point may be dictum, the Second District's decision in *Clarke* is not. And we agree that our sister court's analysis in *Young* and *Clarke* is sound.

{¶24} The cases cited by U.S. Bank in favor of its position are distinguishable from the facts before us. In *Bank of New York Mellon v. Workman*, a subcontracted loan servicer sent a notice of default to the borrower in 2012, and then the note-holder filed for foreclosure in 2014. *Bank of New York Mellon v. Workman*, 11th Dist. Lake No. 2019-L-134, 2020-Ohio-3330, ¶ 5. The note-holder had previously filed a

8

foreclosure action in in 2007, but the judgment in that case was vacated following the borrower's bankruptcy proceedings. *Id.* at ¶ 4. The court found that, prior to bringing the 2014 foreclosure action, "[the note holder] was required to, and did, issue a new notice of default." *Id.* at ¶ 29. And in two other cases cited by U.S. Bank, the decisions in favor of the plaintiff banks were based on the defendant borrowers' pleading defects under Civ.R. 9(C), not whether the mortgagee could rely on a notice of default sent by its predecessor-in-interest. *Wells Fargo Bank, N.A. v. Mayo*, 2018-Ohio-1432, 110 N.E.3d 887, ¶ 10 (6th Dist.), ¶ 10; *Bank of Am., Natl. Assn. v. Calloway*, 2016-Ohio-7959, 74 N.E.3d 843, ¶ 20 (8th Dist.).

{¶25} Following *Young* and *Clarke*, we hold that U.S. Bank cannot rely on the notice of default sent by Nationstar after Nationstar first commenced, then dismissed, its own foreclosure action.

{¶26} Because we have held that U.S. Bank is not entitled to rely on Nationstar's notice of default, we need not address the question of whether U.S. Bank satisfactorily established that the notice had, in fact, been sent. We also decline to address the question of whether the payment history is admissible because we resolve this assignment of error on other grounds.

{¶27} Because we hold that U.S. Bank is not entitled to rely on Nationstar's notice of default, it has failed to satisfy one of the conditions precedent to bringing this action against Tye. Consequently, the trial court erred in granting summary judgment in favor of U.S. Bank. We therefore sustain Tye's third assignment of error.

### C. *Equitable Mortgage*

{¶28} In his second assignment of error, Tye argues that the trial court erred in finding that U.S. Bank had received an "equitable mortgage" in the subject property

because the bank never sought an equitable mortgage nor was a finding of an equitable mortgage appropriate on this record.

{¶29} U.S. Bank argued in its complaint and on summary judgment that "[t]he transfer and/or negotiation of the Note to Plaintiff results in an *equitable assignment of the Mortgage* in favor of Plaintiff." (Emphasis added.)

{¶30} We acknowledge that the concepts of "equitable assignment of a mortgage" and "equitable mortgage," though similarly named, are distinct from one another. However, because we have already held that Tye's third assignment of error is dispositive, and the trial court's judgment must be reversed, the issue of an error in the trial court's decision is moot. We therefore decline to address Tye's second assignment of error. *See* App.R. 12(A)(1)(c).

### III. Conclusion

{¶31} For the foregoing reasons, we reverse the judgment of the trial court. We remand the cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

**BERGERON, P.J.**, and **WINKLER, J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.